STATE of Iowa, Appellee,

v.

Li–Yu CHANG, Appellant.

No. 97–1420.

Supreme Court of Iowa.

Nov. 25, 1998.

Kevin D. Engels of Correll, Sheerer, Benson, Engels, Galles & Demro, P.L.C., Cedar Falls, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Steven G. Norby, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

Defendant, Li–Yu Chang, appeals from a conviction of second-degree criminal mischief in violation of Iowa Code section 716.4 (1995) and assault of a police officer causing bodily injury in violation of Iowa Code section 708.3A(3) (Supp.1995). Chang challenges the jury instruction on the intent required for guilt of second-degree criminal mischief and also challenges the sufficiency of the evidence to sustain either conviction. After reviewing the record and considering the arguments of the parties, we reverse the criminal-mischief conviction due to errors in instructing the jury, and we affirm the conviction for assaulting a police officer. The second-degree criminal-mischief charge is remanded to the district court for retrial.

On December 7, 1996, Joseph Tyler, a public safety officer with the University of Northern Iowa, discovered that a Jeep Cherokee vehicle he was following (later determined to be operated by the defendant Chang) was owned by a person (Chang) whose license was suspended. Tyler then activated his lights and siren and pursued the Chang vehicle. Officer Robert Anderson of the Cedar Falls Police Department joined in the pursuit. During the chase, Chang's vehicle struck a parked car but was not disabled, and Chang continued his attempt to distance himself from his pursuers.

Eventually, Chang backed his Jeep onto a lawn. Officer Anderson positioned his vehicle behind the Jeep. Officer Tyler then positioned his vehicle in front of the Jeep. Officer Anderson exited his vehicle and entered the Jeep on the passenger side. When Chang accelerated, officer Anderson draped himself over the front passenger seat. Chang then rammed his vehicle into officer Tyler's vehicle, causing Anderson to strike the dashboard with his knee. Anderson sustained torn knee cartilage from that impact.

The criminal-mischief charge was based on the damage caused to the parked car and Tyler's vehicle. The charge of assaulting a police officer was based on the act of injuring Anderson when Chang's Jeep collided with Tyler's vehicle. The jury convicted Chang of both charges.

## I. *The Criminal–Mischief Conviction.*

■ A. *Challenge to the marshaling instruction.* Chang alleges the marshaling instruction submitted to the jury with respect to the second-degree criminal-mischief charge was erroneous because it did not require the State to establish that the damage that occurred to the parked car and Tyler's vehicle was intentionally inflicted. Our review of alleged errors in jury instructions is for correction of errors at law. Iowa R.App. P. 4; *State v. Rains,* 574 N.W.2d 904, 915 (Iowa 1998). This court's task is to determine whether the instructions that were given correctly state the law. *State v. Mesch,* 574 N.W.2d 10, 12 (1997).

The critical statute is section 716.1, which defines criminal mischief. That statute provides:

Any damage, defacing, alteration, or destruction of tangible property is criminal mischief when done intentionally by one who has no right to so act.

Iowa Code § 716.1. Criminal mischief in the second degree, as set forth in section 716.4, is criminal mischief that results in a replacement or repair cost of more than $1000 but less than $10,000. It is a class "D" felony.

The district court's marshaling instruction to the jury provided:

The State must prove all of the following elements of Criminal Mischief:

1. On or about the 7th day of December, 1996, the defendant damaged a squad car belonging to the University of Northern Iowa and a vehicle belonging to Lori Frost.

2. The defendant intended to do the act which damaged the property.

3. When the defendant damaged the property, he did not have the right to do so.

The district court also submitted an instruction on general criminal intent, which advised the jury:

To commit a crime a person must intend to do an act which is against the law. While it is not necessary that a person know the act is against the law, it is necessary that the person was aware he was doing the act and he did it voluntarily, not by mistake or accident. You may, but are not required to, conclude a person intends the natural results of his acts.

The latter instruction is identical to that contained in I Iowa Criminal Jury Instruction 200.1.

■ Chang urges that the plain wording of section 716.1 requires an intent to damage, deface, alter, or destroy tangible property. In response to this contention, the State urges (1) the statute does not expressly require a specific intent to damage property, and the court should not read that intent into the act; and (2) public policy concerns dictate that a specific intent to damage not be made an element of the crime. We disagree with both of the State's contentions. First, we believe that the statute does expressly require an intent to damage, deface, alter, or destroy property. When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms. *State v. Burns*, 541 N.W.2d 875, 876 (Iowa 1995). The language of this statute does not speak to acts causing damage but to the damage itself. In interpreting written language, modifiers must be taken as relating to the preceding antecedents. *State v. Lohr*, 266 N.W.2d 1, 3 (Iowa 1978). The only antecedents to which the modifier "intentionally" may refer are the words "damage, defacing, alteration, [and] destruction."[1]

We have previously suggested that section 716.4 requires that the prosecution prove intentional damage to tangible property. In *State v. Perry*, 440 N.W.2d 389 (Iowa 1989), this court was considering the overlap between section 321.78 (willful injury or tampering of a vehicle) and section 716.1 (criminal mischief). As part of that discussion, we stated:

Under section 321.78, prosecution must prove willful injury of a vehicle. The requirement is much the same under sections 716.1 and 716.4 in which the prosecution must prove *intentional damage* of tangible property.

*Perry*, 440 N.W.2d at 391 (emphasis added). We conclude that the district court erred in instructing the jury that the State need only establish that the defendant intended to do the act that damaged the property. The instruction should have required the State to establish that the defendant intended to cause the damage. This error in instructing the jury requires a reversal of Changs conviction for second-degree criminal mischief. That charge is remanded to the district court for retrial.

■ *B. Challenge to the sufficiency of the evidence.* Chang also urges that his motion for a directed verdict should have been granted because the evidence was not sufficient to sustain a conviction of criminal mischief in the second degree under a correct application of the law in which the State was required to establish an intent to damage tangible property. Assuming without deciding that Chang's argument has merit with respect to the striking of the parked vehicle, a reasonable jury could have concluded that he deliberately rammed officer Tyler's vehicle in order to effect his escape. From that the jury could also logically infer that Chang intended the natural consequences of that action, *i.e.*, that Tyler's vehicle would be damaged. Consequently, Chang's motion for directed verdict was properly denied.

### II. *The Conviction for Assault Upon a Police Officer.*

■ Finally, we consider Chang's contention that his conviction of assault on a peace officer causing bodily injury was not supported by substantial evidence. This

---

1. The two Iowa cases relied on by the State to establish that an intent to cause damage need not be shown involve situations in which the statute prohibits an act rather than a result, and the modifier relied on relates to an act rather than a consequence. *See State v. Francois*, 577 N.W.2d 417 (Iowa 1998) (modifiers were "intentionally escapes," "knowingly leaves," or "knowingly absences himself"); *State v. Buchanan*, 549 N.W.2d 291 (Iowa 1996) (modifier was "knowingly resist or obstruct").

court reviews sufficiency-of-the-evidence challenges for correction of errors at law. *State v. Thomas,* 561 N.W.2d 37, 39 (Iowa 1997). This court will uphold a jury verdict if it is supported by substantial evidence. Iowa R.App. P. 14(f)(1); *Thomas,* 561 N.W.2d at 39.

 Chang urges that the words "intended to cause" and "intended to place," contained in paragraphs (1) and (2) of Iowa Code section 708.1, require the State to show that the defendant acted with the intent to cause the consequences described in the statute. The State counters this contention by arguing that this court has determined assault as defined in section 708.1 to be a general-intent crime in *Bacon v. Bacon,* 567 N.W.2d 414, 417 (Iowa 1997); *State v. Peck,* 539 N.W.2d 170, 175 (Iowa 1995); and *State v. Ogan,* 497 N.W.2d 902, 903 (Iowa 1993).

The State's reading of *Bacon, Peck,* and *Ogan* appears to be correct, but we need not rely on those decisions to defeat Chang's argument. This is because the district court in the present case did instruct the jury as follows:

> The term "assault" as used in these instructions means an act which is meant to cause pain or injury or result in physical contact which will be offensive or place another person in fear of immediate physical contact which will be painful, injurious, insulting or offensive to another person.

A jury is allowed to assume that an actor is presumed to intend the natural consequence of his or her acts. *State v. Rinehart,* 283 N.W.2d 319, 321 (Iowa 1979). Consequently, even if Chang's argument concerning the intent requirement for this crime is accepted, a reasonable jury could have concluded that, given the precarious position of officer Anderson in the vehicle, Chang was necessarily aware that the officer would be placed in fear of painful or injurious contact with an instrumentality under Chang's control.

We have considered all issues presented and, for the reasons stated, affirm the conviction for assault of a police officer causing bodily injury. We reverse the conviction for second-degree criminal mischief and remand that charge to the district court for a new trial. Costs are assessed forty percent to appellant and sixty percent to the State.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**