**STATE of Iowa, Appellant,**

v.

**Richard Edward KNOWLES, Appellee.**

No. 98–1435.

Supreme Court of Iowa.

Nov. 17, 1999.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, and J. Patrick White, County Attorney, for appellant.

Leon F. Spies of Mellon & Spies, Iowa City, for appellee.

LAVORATO, Justice.

The State sought interlocutory appeal challenging the district court's interpretation of the language "knowingly and intentionally violates" in the penalty provision of the Iowa gift law. After granting the appeal, we conclude the district court incorrectly interpreted the language. In so concluding, we also reject the State's interpretation. We affirm as modified.

On April 9, 1998, the State charged Richard Edward Knowles with making a gift as a restricted donor to public employees in violation of Iowa Code section 68B.22(2) (1997). The State alleged that Knowles was a party to pharmaceutical sales to the University of Iowa Hospitals and Clinics. The State further alleged that from December 1, 1997, through January 8, 1998, Knowles gave or offered to

give sporting event tickets to hospital employees who made purchasing decisions.

Knowles filed a motion to adjudicate law points asking the district court to determine whether the offense charged was one of general or specific intent. He contended the language "knowingly and intentionally" in Iowa Code section 68B.25, the penalty provision, necessarily dictates that this is a specific-intent crime.

At the hearing on the motion, Knowles argued that the specific intent the State was required to prove was the "intent to influence official action." In response, the State conceded that it had to prove that Knowles knew he was a restricted donor, knew the tickets were worth something, and knew he was giving the tickets to a public official. The State also conceded that it had to prove Knowles intentionally made the gift. The State, however, strongly resisted Knowles' contention that it had to prove that Knowles had the specific intent to influence official action.

The district court ruled that the offense was one of specific intent and that as such the State had to prove an intent to influence official action as an element of the offense.

**I.** To uphold their respective positions, both parties rely on the distinction between general and specific intent. Some writers have criticized attempts to make such a distinction. See, e.g., Wayne R. LaFave & Austin W. Scott Jr., *Handbook on Criminal Law* § 28, at 201 (1972) ("Much of the existing uncertainty as to the precise meaning of 'intent' is attributable to the fact that courts have often used such phrases as 'criminal intent,' 'general intent,' 'constructive intent,' and 'presumed intent.'"). We have differentiated between specific and general intent. See, e.g., *State v. Buchanan*, 549 N.W.2d 291, 293 (Iowa 1996). For reasons that follow, we need not do so here.

**II.** Iowa Code sections 68B.22(2) and 68B.25 are the two statutes pertinent here.

We set out the two provisions in relevant part:

> Except as otherwise provided in this section, a restricted donor shall not, directly or indirectly, offer or make a gift or a series of gifts to a public ... employee....

Iowa Code § 68B.22(2).

> In addition to any penalty contained in any other provision of law, a person who *knowingly and intentionally violates* a provision of ... section[ ] 68B.22 ... is guilty of a serious misdemeanor....

Iowa Code § 68B.25 (emphasis added).

 What we must decide is what the legislature meant when it used the language "knowingly and intentionally violates." Resolution of this question depends on our interpretation of this language. Our review is therefore for the correction of errors at law. See Iowa R.App. 4; *State v. Blakley*, 534 N.W.2d 645, 647 (Iowa 1995). The district court's interpretation does not bind this court. See *Fuller v. Iowa Dep't of Human Servs.*, 576 N.W.2d 324, 328 (Iowa 1998).

 **III.** Several well-recognized rules of statutory construction govern a court's interpretation of a statute. One such rule controls here: "When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms." *State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998).

 The gift law does not define "knowingly" and "intentionally." We therefore resort to their ordinary meaning. See *State v. Kidd*, 562 N.W.2d 764, 764 (Iowa 1997) ("In the absence of a legislative definition of a term or a particular meaning in the law, we give words their ordinary meaning."). "Knowingly" means "with awareness." Webster's Third New International Dictionary 1252 (unabr. ed.1993). "Intentionally" means "purposely." *Id.* at 1176. "Knowingly" and "intentionally" modify "violates." Therefore, to convict an accused of the offense charged here, the

State must prove the accused was aware the law prohibited a restricted donor from offering or making a gift to a public employee. Otherwise, how would the accused be aware he or she was violating the law unless the accused was aware of what the law prohibited? Additionally, the State must prove the accused purposely violated the prohibition.

■ **IV.** Here, the district court concluded that "knowingly" and "intentionally" included an intent to influence official action. Such an interpretation is beyond the plain meaning of the language "knowingly and intentionally violates." The State's interpretation is also incorrect because the interpretation falls short of requiring the State to prove the accused (1) was aware of the law's prohibition, and (2) purposely violated the prohibition. We therefore affirm the district court ruling as modified by our interpretation of the statute. We affirm the decision of the district court as modified and remand for further proceedings consistent with this opinion.

**AFFIRMED AS MODIFIED AND REMANDED.**

All justices concur except SNELL and NEUMAN, JJ., who dissent.

SNELL, Justice (dissenting).

I respectfully dissent.

The majority has decided this case on a theory apparently not presented to the district court or argued on appeal. In both venues the issue presented was this: Did the legislature establish gift giving by a restricted donor as a crime requiring proof of specific intent by the donor, or only general intent? I believe this case can and should be decided by legal analysis of the legislative intent and by our case law that together provide the answer to that question.

The majority hinges its result on the somewhat ubiquitous maxim that "when a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms." *State v. Chang,* 587 N.W.2d 459, 461 (Iowa 1998). While the maxim's validity is beyond questioning and provides a starting point, it does not abjure the need to analyze all of the statutory language of the gift law, beyond the phrase "knowingly and intentionally violates," in order to determine legislative intent. Moreover, finding plain meaning in a statute exalts the eye of the beholder and is often more conclusory than instructive.

The majority finds plain meaning in the statutory words "knowingly" and "intentionally" by reference to Webster's Dictionary. Although helpful, dictionary definitions do not displace the legal construction of words adjudicated by our cases. Nor are they a substitute for discerning legislative intent as shown by the framework and stated purpose of the gift law legislation.

Iowa Code section 68B.22, on illegally making gifts, and section 68B.25 providing the penalty, are part of Division II of chapter 68B entitled "Conflicts of Interest of Public Officers and Employees." The breadth of this legislation is apparent from a cursory look at the chapter. Its comprehensive coverage belies an interpretation that includes only those who deliberately and with calculated intent are within the ambit of this crime.

Considering these factors convinces me that the legislature intended the offense of making a gift as a restricted donor to be a general intent crime. As such, its application is considerably broader than the construction now adopted by the majority.

The record before us shows that the defendant, Richard E. Knowles, was a party to pharmaceutical sales to the University of Iowa Hospitals and Clinics. The State claimed that from October 1, 1997 through January 8, 1998, Knowles gave, or offered to give, sporting event tickets to hospital employees who made purchasing decisions. On April 9, 1998, Knowles was charged with the offense of making a gift as a restricted donor in violation of Iowa Code section 68B.22(2).

Knowles filed a motion to adjudicate law points in order to resolve the issue of whether the offense charged was one of general or specific intent, his contention being that use of the phrase "knowingly and intentionally" within section 68B.25 of the penalty provision necessarily dictates that this is a specific intent offense.

The State on the other hand argues that unqualified use of the word "intent" connotes nothing more than a general criminal intent and that imputation of a stricter requirement would undermine the plain meaning of the law.

The district court ruled that the offense was one of specific intent and that as such the State must prove an intent to influence official action as an element of the crime.

Chapter 68B of the Iowa Code governs conflicts of interest of public officers and employees. Section 68B.22(2) provides in pertinent part that: "Except as otherwise provided in this section, a restricted donor shall not, directly or indirectly, offer or make a gift or a series of gifts to a public official, public employee, or candidate."

Transgressions are punishable in accordance with Iowa Code section 68B.25:

In addition to any penalty contained in any other provision of law, a person who knowingly and intentionally violates a provision of sections 68B.2A through 68B.7, sections 68B.22 through 68B.24, or sections 68B.35 through 68B.38 is guilty of a serious misdemeanor and may be reprimanded, suspended, or dismissed from the person's position or otherwise sanctioned.

Knowles argues that this law prohibits only those gifts which are likely and intended to have the effect of influencing public action. He maintains that the legislative thrust behind the statute is to prevent influence peddling and that inclusion of two distinct mental elements, knowingly and intentionally, supports the proposition that the State is compelled to prove specific intent.

Mere statutory use of the word "intent" does not necessarily import specific intent. *State v. Buchanan,* 549 N.W.2d 291, 293 (Iowa 1996) (citing *State v. Brown,* 376 N.W.2d 910, 913 (Iowa App.1985)). The meaning of the statute must be determined as a matter of construction from the language of the act in connection with its manifest purpose and design. *State v. Conner,* 292 N.W.2d 682, 685 (Iowa 1980). To that end we have remarked that:

[W]hen the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a further consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be general criminal intent. When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent.

*Eggman v. Scurr,* 311 N.W.2d 77, 79 (Iowa 1981) (citation omitted).

On its face, section 68B.22(2) does not include, or allude to, an intent to do a further act or achieve some additional consequence. It merely constrains a restricted donor from giving or offering a gift to a public official, candidate or employee. An examination of the act in its entirety, however, is necessary in order to evince a statutory scheme. *Conner,* 292 N.W.2d at 684.

Iowa Code section 68B.21 gives a statement of legislative intent:

It is the goal of the general assembly that public officials and public employees of the state be extremely cautious and circumspect about accepting a gratuity or favor, especially from persons that have a substantial interest in the legislative, administrative, or political actions of the official or employee. Even where there is a genuine personal friendship, the acceptance of personal benefits from those who could gain advantage by influencing official actions

raises suspicions that tend to undermine the public trust. It is therefore the intent of the general assembly that the provisions of this division be construed to discourage all gratuities, *but to prohibit only those that create unacceptable conflicts of interest or appearances of impropriety.*

The legislature's expressed resolve supports the conclusion that section 68B.22(2) is a general intent offense. The proscribed act remains the giving of a gift. The result the act is trying to avoid is the emergence of a conflict of interest or the appearance of impropriety, either of which may originate with an innocent gesture or gift. The purpose of the act is to establish and safeguard the public trust. No further interdiction of deed or consequence is contemplated. Nowhere does the act explicitly or impliedly state that its aim is merely to deter influence peddling, or to prohibit only those gifts likely and intended to influence official action.

In order to interpret section 68B.22(2) as a specific intent offense, we would have to infer that a defendant must knowingly and intentionally give, or offer a gift, for the purpose of creating a conflict of interest, or the appearance of impropriety. It is highly unlikely that one would intend to create the appearance of impropriety by making gifts as a restricted donor. It is even more unlikely that, as the majority constitutes the law, a donor, knowing that gift giving is a crime, would deliberately commit the offense.

Our court has recognized that to act knowingly "is separate and apart from whether a defendant acted intentionally or deliberately, as well as whether a defendant intended any specific result from the commission of his [or her] acts." *Buchanan,* 549 N.W.2d at 294 (quoting Kermit L. Dunahoo, *The New Iowa Criminal Code,* 29 Drake L.Rev. 237, 306–07 (1979–80)). In contrast to the Webster's Dictionary definition, knowingly has been defined in law as a "knowledge of the existence of facts constituting the crime, or a knowl-

edge of the essential facts and [does] not . . . require the knowledge of the unlawfulness of the act or omission." *State v. Winders,* 366 N.W.2d 193, 195 (Iowa App. 1985) (quoting 22 C.J.S. *Criminal Law* § 36, at 43 (1989)); *see also State v. Neuzil,* 589 N.W.2d 708 (Iowa 1999) (differentiating specific from general intent); *Buchanan,* 549 N.W.2d at 294.

Intent, by contrast, may be characterized as either general or specific.

> Specific intent is present when from the circumstances the offender must have subjectively desired the prohibited result. General intent exists when from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result.

*State v. Redmon,* 244 N.W.2d 792, 797 (Iowa 1976) (citation omitted); *see also Bacon v. Bacon,* 567 N.W.2d 414, 417 (1997).

The prohibited result of the law is the creation of a conflict of interest, or the appearance of impropriety arising out of the giving, or offering, of a gift. Section 68B.22(2) is a general intent crime because a conflict of interest, or the appearance of impropriety, may reasonably be expected to follow a restricted donor's gift, or offer of a gift, to a public official or employee, regardless of the donor's subjective intent to influence the donee.

The majority's narrow construction of this statute thwarts the stated purpose of the legislature to discourage all gratuities to public officials and public employees of the state by restricted donors. It is out of step with the legislative intent and the law of our adjudicated cases.

I would reverse and remand this case for trial as a general intent crime.

NEUMAN, J., joins this dissent.