**STATE of Iowa, Appellant,**

v.

**Dennis Leroy HOUTS, Jr., Appellee.**

**No. 99–1792.**

Supreme Court of Iowa.

Feb. 14, 2001.

Thomas J. Miller, Attorney General, Chris Odell, Assistant Attorney General, Thomas Mullin, County Attorney, and Jill Pitsenbarger, Assistant County Attorney, for appellant.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellee.

CARTER, Justice.

This appeal by the State arises from the district court's dismissal on motion of a trial information charging defendant, Dennis Leroy Houts, Jr., with two counts of failure to appear in violation of Iowa Code section 811.2(8) (1999). These charges pertain to defendant's failure to appear for a bond review hearing and for sentencing subsequent to his entry of a guilty plea to the aggravated misdemeanor of attempted burglary in the third degree. In dismissing the charges, the district court concluded that a person could not be guilty of failure to appear under section 811.2(8) until after sentence and entry of final judgment. After reviewing the record and considering the arguments presented, we reverse the judgment of the district court and remand the case for reinstatement of the criminal charges against defendant.

Defendant was charged by trial information with third-degree burglary, a class "D" felony, in violation of Iowa Code section 713.6A (1997). Pursuant to a plea agreement, the State amended the charge to third-degree attempted burglary, an aggravated misdemeanor, in violation of Iowa Code section 713.6(B) (1997). Defendant pleaded guilty to the reduced charge, and the district court scheduled a sentencing hearing. Defendant failed to appear for a presentence investigation interview. The State then filed a motion requesting that the court schedule a bond review hearing, alleging it had reason to believe that defendant had absconded from the jurisdiction. The court scheduled a bond review hearing for April 2, 1999, which was six days prior to sentencing. Defendant failed to appear for either his bond review hearing or for sentencing.

The State filed a trial information charging defendant with two counts of failure to appear under Iowa Code section 811.2(8) (1999). That statute provides:

> Any person who, having been released pursuant to this section, *willfully fails to appear before any court or magistrate as required* shall, ... if the person was released in connection with a charge which constitutes a felony, or while awaiting sentence or pending appeal after conviction of any public offense, be guilty of a class "D" felony.

Iowa Code § 811.2(8) (emphasis added). Defendant filed a motion for bill of particu-

lars, which the district court treated as a motion to dismiss the trial information. After considering the motion, the district court dismissed the charges on the ground that the failure to appear did not follow a criminal conviction.

■ There are two situations in which a person may be charged for felony failure to appear under Iowa Code section 811.2(8). These include (1) failing to appear "if the person was released in connection with a charge which constitutes a felony," or (2) failure to appear "while awaiting sentence or pending appeal after conviction of any public offense." The first situation is not applicable here because the charge against defendant had been reduced to an aggravated misdemeanor. In ruling that the second situation also does not apply, the district court concluded that until sentence was pronounced and final judgment entered defendant was not convicted. It appears that the court interpreted the words "after conviction" to modify the words "while awaiting sentence."

■ In seeking reversal of the district court's ruling, the State urges that defendant's guilty plea was the equivalent of a conviction for purposes of applying section 811.2(8). Defendant contends that it was not. This court has recognized that the term "conviction" may have different meanings as it is used in different statutes. *State v. Brodene*, 493 N.W.2d 793, 796 (Iowa 1992); *State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa 1986). As used

> [i]n the restricted or technical legal sense ... "conviction" [refers to] ... the final consummation of the prosecution against the accused including the judgment or sentence....

> In its general and popular sense and frequently in its ordinary legal sense, the word "conviction" is used in the sense of establishment of guilt prior to and independently of judg-

ment and sentence by a verdict of guilty or *plea of guilty.*

*Kluesner*, 389 N.W.2d at 372 (quoting *State v. Hanna*, 179 N.W.2d 503, 507–08 (Iowa 1970)) (emphasis added). Thus, the meaning of conviction in each case is an issue of legislative intent. *Brodene*, 493 N.W.2d at 796; *see also State v. Wiseman*, 614 N.W.2d 66, 67–68 (Iowa 2000) (recognizing that in some instances conviction is intended to denote final judgment).

■ In interpreting the statute as a whole, we are convinced that one of its primary purposes is to punish, as a class "D" felony, any failure to appear while awaiting sentence irrespective of the seriousness of the charge. This purpose would be thwarted under the district court's interpretation because persons awaiting sentence would not be subject to the statute.

■ In giving the statutory language its intended meaning, we are convinced that another rule of interpretation should be applied. That is the maxim that in interpreting written language modifiers must be taken as relating to the immediate preceding antecedent unless a contrary legislative intent appears. *State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998); *Kluesner*, 389 N.W.2d at 371. In the application of the latter rule, we conclude that the words "after conviction" modify the antecedent phrase "pending appeal" and do not modify the phrase "awaiting sentence." Consequently, we reverse the judgment of the district court and remand the case to that court with directions to reinstate the trial information against defendant.

■ In an effort to save the judgment, defendant argues for the first time on appeal that the trial information and minutes of testimony when read together state no offense because it does not appear in those documents that defendant was aware that his presence was required at a bond review hearing or the sentencing hearing. Issues not raised in the district court will

**312**

not be considered on appeal. *State v. Rutledge,* 600 N.W.2d 324, 325 (Iowa 1999); *State v. Dann,* 591 N.W.2d 635, 637 (Iowa 1999). Consequently, we give no consideration to this claim. We have considered all issues presented and conclude that the judgment of the district court must be reversed.

**REVERSED AND REMANDED.**