# IN THE COURT OF APPEALS OF IOWA

No. 16-0311
Filed December 21, 2016

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**DAVID RAYMOND FRITZ,**
  Defendant-Appellant.
_____

  Appeal from the Iowa District Court for Monona County, Patrick H. Tott, Judge.

  Defendant appeals his convictions for criminal mischief in the fourth degree. **AFFIRMED.**

  Jason Gann of Moore, Heffernan, Moeller, Johnson & Meis, L.L.P., Sioux City, for appellant.

  Thomas J. Miller, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee.

  Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

David Fritz was charged by trial information with criminal mischief in the second degree, in violation of Iowa Code sections 716.1 and 716.4 (2015), arising out of an incident in which he allegedly threw a rock at and damaged a passing car. A jury found Fritz guilty of the lesser-included offense of criminal mischief in the fourth degree, in violation of Iowa Code sections 716.1 and 716.6, and the district court entered judgment accordingly. Fritz raises several challenges to his conviction.

The facts are not in great dispute. On May 26, 2015, James Remmick was driving his vehicle on a gravel road near his home when he observed Fritz, his neighbor, standing on the side of the road. James heard a loud noise that sounded like hail. James stopped the car, believing Fritz had thrown rocks at James's vehicle. James called the sheriff. After James called the sheriff, James saw Fritz attempting to kick rocks from the road back into the ditch. A deputy sheriff arrived at the scene twenty minutes later. He observed fresh mud splatter and chips in the paint and glass of the car. The deputy spoke with the defendant. At trial, the deputy testified Fritz's palms were clean but there was dirt between his fingers. James had his car repaired. Of the total cost of repair, James was required to pay only $500, which was the amount of the deductible on his automobile insurance policy.

Fritz's first claim of error is the district court erred in allowing certain hearsay testimony. Specifically, the district court allowed James to testify he paid $500 to repair the damage to his vehicle. Fritz claims James's testimony regarding the amount James paid to repair his vehicle is testimony regarding out-

of-court nonverbal conduct. We review hearsay rulings for correction of errors at law. *See State v. Dullard*, 668 N.W.2d 585, 589 (Iowa 2003).

We conclude the issue is not preserved for our review. Fritz's counsel successfully objected to the admission of two exhibits regarding the cost of repair to James's vehicle. However, James repeatedly testified, without objection, that he paid $500 to have his vehicle repaired. Error cannot be predicated on a ruling admitting evidence unless "a timely objection or motion to strike appears of record." Iowa R. Evid. 5.103(a)(1). There was none here. To the extent Fritz argues James's testimony that the total cost of the repairs was $1500 to $1700 was improper hearsay, the testimony regarding the amounts greater than $500 was nonprejudicial. The jury found damages between $200 and $500, necessarily rejecting the testimony as to the larger amounts.

Fritz's next claim of error is the district court erred in allowing Megan Remmick, James's wife, to testify as a rebuttal witness. Specifically, Megan was called as a rebuttal witness after Fritz testified he had never had any communications with the Remmicks. Megan testified Fritz had put his middle fingers up at the Remmicks repeatedly and that Fritz screamed and cursed at her on at least one occasion. We review rulings on the relevance of evidence for abuse of discretion. *See In re Det. of Williams*, 628 N.W.2d 447, 456 (Iowa 2001).

We cannot conclude the district court abused its discretion in allowing the rebuttal testimony. "It is proper for a party to contradict and discredit an adverse witness by showing the facts to be other than as testified to by such witness." *State v. Odem*, 322 N.W.2d 43, 45 (Iowa 1982). "The subject of the inconsistent

statement, if it is to be admissible, must be material and not collateral to the facts of the case." *State v. Fowler*, 248 N.W.2d 511, 520 (Iowa 1976). Here, the State was required to prove Fritz acted with the specific intent to damage James's vehicle. *See* Iowa Code § 716.1; *State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998). Relevance is a low bar. *See* Iowa R. Evid. 5.401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Plaster*, 424 N.W.2d 226, 229 (Iowa 1988) ("The test is 'whether a reasonable person might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence.'" (citation omitted)). Megan's testimony clears the bar. Fritz testified he had no communications with the Remmicks, which would lead the jury to conclude he would have had no motive or intent to damage the vehicle. Megan's testimony demonstrates the facts were contrary to Fritz's testimony. Instead, her testimony showed a history of animosity probative of whether and why Fritz might have wanted to damage James's vehicle.

Finally, Fritz asserts there was not sufficient evidence to support his conviction. We review challenges to the sufficiency of the evidence for errors at law. *See State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013). "In reviewing challenges to the sufficiency of the evidence supporting a guilty verdict, courts must consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Showens*, 845 N.W.2d 436, 439–40 (Iowa 2014). The jury's verdict is binding on appeal unless there is an absence of substantial evidence to

sustain it in the record. *State v. Hennings*, 791 N.W.2d 828, 832 (Iowa 2010), *overruled on other grounds by State v. Hill*, 878 N.W.2d 269 (Iowa 2016). Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt. *See State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). The jury is free to make credibility determinations, weigh evidence, and accept or reject any witness's testimony as it sees fit. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006).

Considering the record evidence in the light most favorable to the State, we find there was substantial evidence to support the jury's verdict. James did not see Fritz throw anything at the vehicle, but he heard a sound like hail hitting his car. At the same time, Fritz was standing by the road. Fritz and the Remmicks have a history of uncivil encounters. The sheriff's deputy who responded to the call observed mud splatter on the car and chips in the paint and glass of the car. James said he did not see that damage to his car before leaving his home that day. James testified it cost him $500 to repair the car. The jury could infer from these facts that Fritz threw something at James's vehicle. The jury could further infer the costs of repair was $500. While Fritz's denied the allegations, the jury was free to reject his testimony. *See id.* We see no reason to disturb the verdict. Accordingly, we affirm.

**AFFIRMED.**