# IN THE COURT OF APPEALS OF IOWA

No. 22-1364
Filed April 24, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALEXIS STEPHAN KUBERSKI,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.


A criminal defendant appeals his conviction for assault causing bodily injury and criminal mischief in the fourth degree. **AFFIRMED.**


Jesse A. Macro, Jr. of Macro Law, LLP, Des Moines, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney General, for appellee.


Considered by Tabor, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Alexis Kuberski appeals his convictions for assault causing bodily injury and criminal mischief in the fourth degree, claiming the State presented insufficient evidence of his specific intent for each offense. We affirm.

## I.    Background Facts and Proceedings

After a Des Moines bar closed for the night, the bar's manager, a bartender, and a patron stepped outside to smoke. When they did, the three found Kuberski lying on a nearby bench. The bar manager told Kuberski he couldn't sleep there. In response, Kuberski got up suddenly, then headbutted and punched the patron in the face. This assault knocked the patron to the ground and injured his mouth and elbow. Bar staff helped the patron up and went back inside, locking the bar's glass door behind them. Then they called the police. Meanwhile, in the manager's words, Kuberski started repeatedly "slamming his boots into the glass door" until it shattered. Officers arrived and found Kuberski behind a dumpster in the parking lot and arrested him.

The Polk County Attorney charged Kuberski with assault causing bodily injury, a serious misdemeanor in violation of Iowa Code section 708.2(2) (2021), and criminal mischief in the fourth degree, a serious misdemeanor in violation of section 716.6(1)(a)(1). Kuberski waived his right to jury trial and the district court found him guilty. Following a contempt sentence, Kuberski failing to appear at the scheduled sentencing hearing, and a pause in the proceedings to address his competency, Kuberski was sentenced to suspended consecutive jail sentences and placed on probation. He appeals.

## II.      Standard of Review

"We review sufficiency-of-evidence claims for correction of errors at law." *State v. Cahill*, 972 N.W.2d 19, 27 (Iowa 2022). "[W]e are highly deferential to the [factfinder]'s verdict. The [factfinder]'s verdict binds this court if the verdict is supported by substantial evidence." *Id.* (quoting *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021)). "In determining whether the [factfinder]'s verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Jones*, 967 N.W.2d at 339 (citation omitted).

## III.      Discussion

Kuberski challenges sufficiency of the evidence supporting both convictions—only contesting the proof of intent required for each offense.

As to the assault, the district court found Kuberski intended to cause the patron pain or injury. *See* Iowa Code § 708.1(2)(a) ("A person commits an assault when, without justification, the person does . . . [a]ny act which is intended to cause pain or injury . . . to another. . . ."). We are bound by supreme court precedent holding that, regardless of a contrary legislative amendment, the assault alternative at issue here is a specific-intent offense. *See State v. Krogmann*, 998 N.W.2d 141, 158–59 (Iowa 2023) (noting the amendment "did not change the elements of an assault" (citation omitted)); *State v. Beck*, 854 N.W.2d 56, 63–64 (Iowa Ct. App. 2014). "Specific intent is seldom capable of direct proof." *State v. Walker*, 574 N.W.2d 280, 289 (Iowa 1998). As a result, a factfinder can infer an offender "intended the natural and probable consequences of his act." *State v.*

*Taylor*, 689 N.W.2d 116, 132 (Iowa 2004). The district court concluded Kuberski "headbutted and/or punched" the patron. We have little trouble concluding that the natural and probable consequence of headbutting or punching someone is pain or injury. *Cf. State v. Soni*, No. 11-1480, 2012 WL 3200852, at *4 (Iowa Ct. App. Aug. 8, 2012) (finding punching victim in head was sufficient evidence of intent to harm).

On criminal mischief, the district court found Kuberski intended to damage, deface, or destroy the glass door. *See* Iowa Code § 716.1 ("Any damage, defacing, alteration, or destruction of property is criminal mischief when done intentionally by one who has no right to so act."). Criminal mischief is also a specific-intent crime. *State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998) (holding the intent must be to damage the property). The patron's and bar manager's testimonies established Kuberski intentionally and repeatedly kicked the door. And again, we have little trouble concluding the natural and probable consequence of kicking a glass door while wearing boots is to damage, deface, or destroy the door. *Cf. State v. Jones*, No. 14-2044, 2015 WL 6509040, at *2 (Iowa Ct. App. Oct. 28, 2015) (affirming in part because the natural and probable consequence of using a forearm to "smash" a windshield was to damage it).

We affirm both convictions.

**AFFIRMED.**