**STATE of Iowa, Appellee,**

v.

**Elroy SIMS, Appellant.**

**No. 53664.**

Supreme Court of Iowa.

Dec. 9, 1969.

Melvin H. Wolf, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and David J. Dutton, Black Hawk County Attorney, Waterloo, for appellee.

STUART, Justice.

In a trial before a municipal court judge in Waterloo without a jury, defendant was

convicted of violating section 110.23, 1966 Code of Iowa, which provides:

"No person, except as permitted by law, shall have or carry any gun in or on any vehicle on any public highway, unless such gun be taken down or contained in a case, and the barrels and magazines thereof be unloaded."

Defendant has appealed from the sentence of a fine of $100 and costs.

The state's only witness testified he sat near defendant, who seemed to be intoxicated, in Henry's Drive-in restaurant in Waterloo. Defendant asked the witness to go out and shut his car off and the witness complied. When he opened the car door, he saw the gun on the front seat. He opened the chamber and saw it was loaded. He put it back on the seat, shut the car off, went back inside and called the police. Defendant did not indicate to the witness which car in the parking lot was his.

■ I. Defendant claims the court erred in failing to sustain his motion for a directed verdict as the state failed to prove all the necessary elements of the crime charged. We agree and therefore reverse.

■ Failure to prove all essential elements of a charged crime precludes a guilty verdict. State v. Baych (1969), Iowa, 169 N.W.2d 578, 584. Where circumstantial evidence alone is relied on to prove any of the essential elements of a crime, the circumstances must not only be consistent with defendant's guilt but inconsistent with any rational hypothesis of defendant's innocence. State v. Kittelson (1969), Iowa, 164 N.W.2d 157, 162; State v. DeRaad (1969), Iowa, 164 N.W.2d 108, 110. We hold the evidence here fails to satisfy these requirements.

■ II. The state contends the drive-in parking lot is a public highway. In section 321.1(48) Code of Iowa, street or highway is defined as "the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic". Although the statutory definition is limited to the purposes of chapter 321, it is in accord with the general definitions of a highway. 39 C.J.S. Highways § 1, 909–916. We therefore apply this definition to section 110.23 and hold a parking lot for a drive-in restaurant is not a public highway.

The public has no right to use a drive-in parking lot for vehicular traffic. It is privately owned. There is implied permission for the public to use the lot to do business with the proprietor. Such a parking lot is a private road or driveway as defined in section 321.1(49) as "every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons".

For the reasons stated, we reverse the trial court.

Reversed.

All Justices concur.