**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Marvin Ira MILLER,
Defendant-Appellee.**

No. 86–1085.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1987.

Decided March 17, 1987.

Joseph P. Russoniello, Sanford Svetcov, San Francisco, Cal., for plaintiff-appellant.

Michael P. Thorman, Hayward, Cal., for defendant-appellee.

Before NELSON, KOZINSKI and NOONAN, Circuit Judges.

NELSON, Circuit Judge:

The government appeals from an order granting Miller's motion to suppress evidence seized during a night search of Miller, his automobile, and his residence, conducted pursuant to a search warrant that was not endorsed for night service. The government seized two pounds of methamphetamine, related chemicals, and lab equipment suspected of being used to manufacture methamphetamine, in the search. The district court granted Miller's motion to suppress the evidence obtained from Miller's automobile and residence because the searches were tainted by the illegal night search of Miller's person. The government appeals only from the district court's decision to suppress the evidence seized from Miller's automobile, arguing that independent probable cause justified the automobile search. We have jurisdiction under 18 U.S.C. § 3731. We reverse and remand.

## FACTS

The facts are largely undisputed. At 8:30 p.m., July 7, 1985, a search warrant was issued authorizing a search of a Mines Road address, Miller and two others, and the vehicles under their control. According to the affidavit in support of the search warrant, a confidential informer had revealed that Miller and another person were planning to dismantle a methamphetamine lab at the Mines Road address late in the evening of July 7. The detective who requested the search warrant did not request endorsement for night service because he had been told that an endorsement was not required if the search began before 10:00 p.m. Police officers arrested the two other persons named in the search warrant and searched the Mines Road address during the night, completing the search by approximately 12:30 a.m., July 8.

Law enforcement agents were unable to find Miller during the night of July 7. At approximately 12:45 a.m., July 8, Miller's car was seen arriving near Miller's girlfriend's residence on Elm Street. Miller

had been living at the Elm Street address for several months before July 7. A detective and several police officers arrived at the Elm Street address at approximately 1:30 a.m., knocked on the door, and woke Miller, who was sleeping on the living room couch. Miller accompanied the officers outside and was directed to his car. According to the officers, Miller's car smelled of phenylacetic acid, a substance known to be used in the manufacture of methamphetamine. In addition, the officers observed a hand gun in plain view on the front floor, as well as a roll of plastic tubing and a hand pump of a type commonly used in methamphetamine labs on the backseat, of Miller's car.

Miller was searched while standing by his car. The detective removed his wallet, his car keys, and a "T" shaped object from his pocket, and proceeded to unlock his car. The officers then searched Miller's car, discovering two pounds of methamphetamine, related chemicals, and more laboratory equipment in the trunk. Miller was arrested, and the officers returned to the Elm Street residence and searched it after obtaining the consent of the woman living there.

Miller was subsequently indicted on charges of conspiracy to manufacture methamphetamine, manufacture of methamphetamine, and possession of two pounds of methamphetamine with intent to distribute. On January 31, 1986, the district court granted Miller's motion to suppress the evidence obtained in the automobile search on the grounds that (1) the night search of Miller's person was illegal because the search warrant was not endorsed for night service, and (2) the illegal search of Miller's person tainted the search of his car. The government timely appealed on March 3, 1986.

## DISCUSSION

We review de novo a district court's decision to grant or deny a motion to suppress evidence. *United States v. Lancellotti*, 761 F.2d 1363, 1365 (9th Cir.1985).

Despite the existence of an initial illegality, " 'the exclusionary rule has no applica-

tion [where] the Government learned of the evidence from an independent source.' " *Segura v. United States*, 468 U.S. 796, 805, 104 S.Ct. 3380, 3386, 82 L.Ed.2d 599 (1984) (quoting *Wong Sun v. United States*, 371 U.S. 471, 487, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963)); *accord United States v. Driver*, 776 F.2d 807, 811 (9th Cir.1985); *Lancellotti*, 761 F.2d at 1367. If the evidence "was obtained pursuant to information that was sufficiently distinguishable from the [illegality], the evidence need not be suppressed." *Driver*, 776 F.2d at 811.

■ Moreover, an automobile parked in a public place may be searched without a warrant if there is probable cause for the search. *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 2068-71, 85 L.Ed.2d 406 (1985); *United States v. Normandeau*, 800 F.2d 953, 957 (9th Cir.1986); *United States v. Hamilton*, 792 F.2d 837, 842-43 (9th Cir.1986). "Historically, 'individuals always [have] been on notice that movable vessels may, be stopped and searched on facts giving rise to probable cause that the vehicle contains contraband, without the protection afforded by a magistrate's prior evaluation of those facts.' " *Carney*, 105 S.Ct. at 2070 (quoting *United States v. Ross*, 456 U.S. 798, 806 n. 8, 102 S.Ct. 2157, 2163 n. 8, 72 L.Ed.2d 572 (1982)); *accord United States v. Bagley*, 772 F.2d 482, 491 (9th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 1215, 89 L.Ed.2d 326 (1986). Because of the mobility of automobiles and the reduced expectation of privacy associated with them, "the overriding societal interests in effective law enforcement justify an immediate search before the vehicle and its occupants become unavailable." *Carney*, 105 S.Ct. at 2070.

■ The government argues that the evidence seized from Miller's car should not have been suppressed because independent probable cause justified the automobile search. We agree. Although the search of Miller's person was illegal, there was sufficient evidence to justify the search of Miller's car independent of the illegal search. The police officers who arrived at the Elm Street address detected a strong

smell of phenylacetic acid, known to be used in the manufacture of methamphetamine, emanating from Miller's car. In addition, the officers observed a hand gun in plain view on the front floor and laboratory equipment commonly used in the manufacture of methamphetamine on the back seat of Miller's car. These plain view, plain smell observations, added to their knowledge that Miller was a suspected methamphetamine manufacturer, and that the car was clearly his,[1] gave the officers sufficient independent probable cause to search Miller's car without a warrant. These were also wholly independent grounds, sufficiently distinguishable from the illegal search of Miller's person " 'to be purged of the primary taint,' " *Segura,* 468 U.S. at 804–05, 104 S.Ct. at 3386 (quoting *Wong Sun,* 371 U.S. at 488, 83 S.Ct. at 417), of that illegality. Therefore, the district court erred in suppressing the evidence obtained from Miller's car.

 Miller contends that the government waived its right to bring its independent probable cause argument on appeal because it failed to make the argument at the suppression hearing below. Miller's contention is meritless. The record clearly indicates that, although the government did not vigorously pursue the argument, it raised the argument at the suppression hearing below. The government therefore sufficiently preserved the argument for appeal. *See United States v. Allard,* 600 F.2d 1301, 1305 n. 3 (9th Cir.1979).

We therefore reverse the district court's suppression order and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

1. Police officers identified the car as Miller's by its make and license plate number before proceeding to the Elm Street address.