**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50648 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00078-FMC-1 |
| v. | |
| JEFFREY MICHAEL WILSON, AKA Jeff Wilson, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted December 9, 2010[**]
Pasadena, California

Before: PREGERSON and CLIFTON, Circuit Judges, and HOLLAND, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

Jeffrey Michael Wilson ("Wilson") entered a conditional guilty plea to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). On appeal, Wilson contends that the district court abused its discretion in denying his request for an evidentiary hearing on his motion to suppress evidence.

"We review for an abuse of discretion a [district] court's decision whether to conduct an evidentiary hearing on a motion to suppress." *United States v. Quoc Viet Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007) (quoting *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000)).

We conclude that the district court did not abuse its discretion in refusing to hold an evidentiary hearing because Wilson failed to identify any "significant disputed factual issue" in his motion to suppress. *See Howell*, 231 F.3d at 621. Even though there was a factual dispute regarding the scope of Officer Vetere's patdown, the district court correctly concluded that this factual dispute was immaterial.

Assuming that Officer Vetere's patdown of Wilson exceeded its permissible scope, Officer Vetere's subsequent act of looking in the rear passenger window was not "fruit of the poisonous tree" because there was sufficient evidence to justify the search of Wilson's truck independent of any initial illegality. *See Wong*

2

*Sun v. United States*, 371 U.S. 471, 487-88 (1963); *see also United States v. Miller*, 812 F.2d 1206, 1208-09 (9th Cir. 1987).

Officer Vetere's search of Wilson's truck was conducted based on lawfully obtained probable cause to believe that the truck contained evidence of a crime. *Id*. at 1208 ("Historically, individuals always [have] been on notice that movable vessels may be stopped and searched on facts giving rise to probable cause that the vehicle contains contraband, without the protection afforded by a magistrate's prior evaluation of those facts."). Officer Vetere searched Wilson's car because (1) Wilson appeared "agitated and nervous"; (2) Wilson produced no identification; (3) Officer Vetere looked through the rear passenger's side window of Wilson's truck and saw in plain view the butt end of what he believed to be a rifle, partially concealed by a T-shirt and towel; and (4) when asked, Wilson admitted to having a gun in his truck. None of these facts were discovered through a violation of Wilson's constitutional rights. Together, these facts were sufficient to establish probable cause to believe that Wilson's truck contained evidence that Wilson was violating Cal. Penal Code § 12025, which prohibits concealing a firearm within a vehicle, and Cal. Penal Code § 12031, which prohibits "carrying a loaded firearm . . . in a vehicle[.]" Officer Vetere thus had probable cause to search Wilson's truck under the automobile exception.

3

Therefore, we affirm the district court's denial of an evidentiary hearing. The district court did not abuse its discretion because Wilson failed to identify any "significant disputed factual issue" in his motion to suppress.

**AFFIRMED.**