# IN THE COURT OF APPEALS OF IOWA

No. 13-2054
Filed July 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LACEY ROSE BROWN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.

        Defendant appeals from the district court's denial of her motion to suppress. **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

        Nicholas Dial of Benzoni Law Office, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, John P. Sarcone, County Attorney, and Andrea Petrovich, Assistant County Attorney, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

Lacey Brown appeals from the district court's denial of her motion to suppress. Brown maintains having an open container of alcohol in an automobile in a private parking lot is not in violation of Iowa Code section 321.284(1) (2013). Brown argues because this was not a violation, officers did not have probable cause to search her vehicle, and the officers' mistake of law cannot justify the warrantless search. We agree the private parking lot does not fall within the definition of "public street or highway," and accordingly, Brown was not in violation of the open container law. Lacking probable cause to search, the officers' warrantless search violated Brown's Fourth Amendment rights. We reverse the denial of Brown's motion to suppress and remand for further proceedings.

**I. Background Facts and Proceedings.**

On August 10, 2013, Brown was in a parked vehicle in a privately-owned parking lot when three Des Moines police officers approached the vehicle on foot. As the officers approached the vehicle, Officer Walter Garrett noticed an open bottle of an alcoholic beverage sitting in the center console. The officers believed this was in violation of the open container law provided in Iowa Code section 321.284(1). They removed Brown and the other occupants from the vehicle and searched the car. Officer Dean Hemsted found a "half-smoked marijuana cigar" underneath the seat where Brown had been sitting.

On September 20, 2013, Brown was charged by trial information with possession of a controlled substance (marijuana) in violation of Iowa Code section 124.401(5).

Brown filed a motion to suppress on October 14, 2013.[1]  A hearing was held on the motion on November 5, 2013.  At the hearing, Brown argued the officers lacked probable cause to search the automobile because the open container law did not prohibit her from drinking in the automobile in the parking lot, thus any alcoholic beverage containers that were seen or could be found in the vehicle would not constitute contraband.

On November 12, 2013, the district court denied the motion to suppress. The court held that because the parking lot was open to the public at the time Brown was seen there, the parking lot was included in the definition of "public street or highway."  Thus, Brown had violated the open container law and the officers had probable cause to search the vehicle.

Brown waived her right to jury trial and stipulated to a trial on the minutes of testimony.  On December 12, 2013, the district court found Brown guilty of possession of a controlled substance (marijuana) and sentenced her the same day.  Brown appeals.

**II. Standard of Review.**

We review constitutional claims de novo.  *State v. Louwrens*, 792 N.W.2d 649, 651 (Iowa 2010).  We independently review the totality of the circumstances as shown by the entire record.  *Id.*  We give deference to the factual findings of the district court, but we are not bound by them.  *Id.*

---

[1] Brown filed a motion to dismiss on the same day.  Brown does not appeal the ruling on the motion to dismiss.

**III. Discussion.**

It is well established that the Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures by the government.[2] *Id.* Generally, warrantless searches are per se unreasonable unless they fall within a recognized exception. *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997). "The Supreme Court has recognized a 'specifically established and well-delineated' exception to the warrant requirement searches of automobiles and their contents." *State v. Allensworth*, 748 N.W.2d 789, 792 (Iowa 2008) (citing *California v. Acevedo*, 500 U.S. 565, 581 (1991)). A search warrant is unnecessary when officers have probable cause to believe the vehicle contains contraband "because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant may be sought."[3] *Carroll v. United States*, 267 U.S. 132, 153 (1925). When an officer personally observes evidence of contraband in plain view inside a vehicle, probable cause has been established. *See United States. v. Miller*, 812 F.2d 1206, 1209 (9th Cir. 1987).

Brown maintains the open container prohibition contained in Iowa Code section 321.284(1) does not apply to privately-owned parking lots and the officers made a mistake when they determined the open containers of alcohol were

---

[2] Brown neither cites article I, section 8 of the Iowa Constitution nor suggests that the Iowa Constitution should be interpreted differently than the federal constitution. Thus, we assume the state and federal standards are similar and apply the general principles as outlined by the United States Supreme Court. *See State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013).

[3] We acknowledge the ongoing justification for the automobile exception has recently been called into doubt by members of our supreme court. *See State v. Gaskins*, ___ N.W.2d ___, 2015 WL 3958499, at *15 (Iowa 2015) ((Cady, J., concurring specially) ("An automatic exception to the warrant requirement, particularly one based on exigency, must account for the new world of technology, and must not continue to exist simply because it existed in the past.")).

contraband. Additionally, she maintains the officers' mistake of law—believing that the open container statute was applicable—cannot justify the search.

Iowa's open container law provides, in part, "A driver of a motor vehicle *upon a public street or highway* shall not possess in the passenger area of the motor vehicle an open or unsealed bottle, can, jar, or other receptacle containing an alcoholic beverage." Iowa Code § 321.284(1) (emphasis added). "Street" and "highway" are further defined as "the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic." Iowa Code § 321.1(78).

On direct-examination, Officer Garrett testified:

I would not consider it a public space. . . . You can't just sit there. I guess that's why I look at it—you can't just sit there and stand there. If there are people just standing there . . . we're, you know, supposed to walk up to them and see why they're just standing there. Just to make sure everything is okay. So I guess as far as the loitering policy, you can't just stand there. But, I mean, but obviously you if you just walk through, as far as the public goes, you can walk through and get to there easily from the street.

In its ruling on Brown's motion to suppress, the district court held that the parking lot in question had sufficient public use to come within the definition of "public street or highway." We disagree.

Our supreme court considered a similar situation in *State v. Sims*, 173 N.W.2d 127, 128 (Iowa 1969). In *Sims*, the defendant was in an automobile in the parking lot of drive-in restaurant when a police officer noticed the defendant had a gun in the vehicle. 173 N.W.2d at 128. The defendant was charged with violation of Iowa Code section 110.23 (1966), which prohibited persons from

"hav[ing] or carry[ing] any gun in or on any vehicle on any public highway." *Id.* The court considered the definition of public highway as provided by the Iowa Code, the same definition applicable here, and held the parking lot of a private restaurant is not a public highway. *Id.* The court found:

> The public has no right to use a drive-in parking lot for vehicular traffic. It is privately owned. There is implied permission for the public to use the lot to do business with the proprietor. Such a parking lot is a private road or driveway as defined in section 321.1[(54)] as "every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons."

*Id.*

Here, the public had implied permission from the owner to park in the lot at certain times, but otherwise the use of the lot was restricted to persons having permits from the proprietor that allowed them to park there. Thus, the lot was not "open to the use of the public, as a matter of right" as required by the definition for a public street or highway. Even when the lot was open to the public, it was not open "for purposes of vehicular traffic." Moreover, Officer Garrett's statement that the public could "get to there easily by the street" is inapposite—the definition of public and private depend on who has the right to use the area, not whether one is physically able to obtain entrance into the area. This was a privately owned parking lot and clearly not an area between property lines.

Because the privately-owned parking lot does not fall within the definition of "public street" or "highway" contained in Iowa Code section 321.248(1), the statute prohibiting open containers was inapplicable to Brown, and the officers

did not have probable cause to search the vehicle.[4]  Without probable cause, the automobile exception did not apply, and the officers' warrantless search was unreasonable.  Additionally, as the defendant contends and the State concedes, the officers' mistake of law cannot justify the search, and any evidence following such a mistake must be suppressed.  *See State v. Tyler*, 830 N.W.2d 288, 296 (Iowa 2013) ("[W]e conclude a mistake of law occurred. . . .  [A]ny evidence derived from the stop must be suppressed.").[5]  We reverse the district court's ruling on the motion to suppress and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[4] The State is not limited to the reasons stated by the officers in determining whether probable cause existed.  *State v. Tyler*, 830 N.W.2d 288, 295 (Iowa 2013).  However, the State offers no alternative reason here.

[5] We acknowledge the case of *Heien v. North Carolina*, 135 S. Ct. 530, 536–37 (U.S. 2014), in which the United States Supreme Court held that a mistake of law that is objectively reasonable may support a seizure, but we conclude the facts here are dissimilar.  Here, the statute clearly references a "public street or highway" and unlike *Heien*, there was precedent establishing that a private parking lot does not fall within the definition of that term.  *See Sims*, 173 N.W.2d at 128; *see also Heien*, 135 S. Ct. at 540 (noting the statute that was the subject of the officer's mistake had not been previously construed by appellate courts).