# IN THE COURT OF APPEALS OF IOWA

No. 19-0014
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYAN BRADLEY TOSTENSON,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Worth County, Colleen D. Weiland,

Judge.


        Ryan Tostenson appeals following his conviction for operating while

intoxicated.  **REVERSED AND REMANDED.**


        Grant C. Gangestad of Gourley, Rehkemper & Lindholm, P.L.C., West Des

Moines, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Ryan Tostenson appeals his conviction for operating while intoxicated (OWI), challenging the denial of his motion to suppress evidence obtained during a traffic stop. Tostenson contends the State violated his constitutional right against unreasonable search and seizure because the officer did not have probable cause or reasonable suspicion to stop him. Because the State has failed to provide sufficient evidence to support the traffic stop, we reverse the denial of Tostenson's motion to suppress and remand for further proceedings.

**I. Background Facts and Proceedings.**

Sergeant John Michael Smith of the Worth County Sheriff's Office was off duty when he watched a silver four-door sedan pull into the parking lot of a Dollar General store and strike a light pole while turning around. The car left and pulled into the parking lot of the adjacent Casey's store. After the impact, Sergeant Smith saw damage to the metal shroud at the base of the light pole. He walked to the Casey's parking lot and observed the car's license plate number before contacting the Worth County dispatch to report the incident.

Manly Police Department Officer Cameron Curoe responded to Sergeant Smith's report. Although the vehicle left before Officer Curoe arrived, Sergeant Smith told the officer which direction he saw the car was heading. Officer Curoe drove that direction, located the vehicle, and stopped it. He noticed damage to the underside of the car's front bumper. While speaking with Tostenson, the driver, Officer Curoe smelled "a slight odor" of alcoholic beverage on Tostenson's breath. Later, when Tostenson was sitting in the front seat of the patrol vehicle, Officer Curoe smelled "a very strong odor of alcohol" coming from Tostenson's breath.

After field sobriety testing, Officer Curoe transported him to the jail for a breath test, which showed Tostenson's blood alcohol concentration was .19. Officer Curoe cited Tostenson for hit and run—vehicle damage only.[1] The State charged Tostenson with OWI.

Tostenson moved to suppress the evidence discovered after stopping his vehicle, alleging Officer Curoe did not have probable cause or reasonable suspicion to stop him. The district court denied the motion following a hearing. In its ruling, the court determined that a violation Iowa Code section 321.262 could not justify the traffic stop because the accident did not involve a vehicle driven or attended by another person. But the court did not restrict its analysis to this section, noting that Officer Curoe testified he was investigating a "hit and run," a "much more general term" for which a "number of statutes are relevant." The court found Officer Curoe had grounds for stopping Tostenson based on a suspected violation of Iowa Code 321.266(2), which requires a driver of a vehicle involved in an accident causing $1500 or more in property damage to report the accident. The court found that "the extent of damage to the pole and to [Tostenson]'s vehicle might not exceed $1500" but concluded that "it is not unreasonable to think that it might." Following bench trial on the minutes of evidence, the district court found Tostenson guilty of OWI.

## II. Analysis.

Tostenson contends the district court erred in denying his motion to suppress because the traffic stop violated his constitutional right against

---

[1] A copy of the citation is not in our record. Officer Curoe's incident report states he charged Tostenson with "OWI 1st, SRMS and Hit and Run vehicle damage only."

unreasonable searches and seizures. We review the denial of a motion to suppress alleging constitutional violations de novo. *See State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019). This standard requires that we examine the entire record and make an independent evaluation given the unique circumstances before us. *See id.*

"A traffic stop is permissible under our Iowa and Federal Constitutions when supported by probable cause or reasonable suspicion of a crime." *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). Probable cause exists when the circumstances would allow a reasonable person to believe a person is committing or has committed a crime. *See State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). If an officer has only a reasonable suspicion that a person is engaged in criminal activity, the officer may briefly detain the person to investigate. *See id.* at 204. "When a peace officer observes any type of traffic offense, the violation establishes both probable cause to stop the vehicle and reasonable suspicion to investigate." *McIver*, 858 N.W.2d at 702.

**A. Violation of section 321.266.**

Tostenson first argues the district court erred in finding the traffic stop was valid because, he contends, Officer Curoe did not have probable cause to believe he violated Iowa Code section 321.266. This section requires a driver of a vehicle involved in an accident that results in property damage to an apparent extent of $1500 or more to forward a report of the accident to the Iowa Department of Transportation within seventy-two hours. *See* Iowa Code § 321.266(2). Tostenson notes that nothing in section 321.266 required him to stay at the scene of the accident. We agree. The statute gives drivers a seventy-two-hour window

to report the accident to the IDOT. Because Tostenson was within that seventy-two-hour window, he could not violate section 321.266. Likewise, Officer Curoe did not have reasonable suspicion to believe that Tostenson violated section 321.266. *See State v. Louwrens*, 792 N.W.2d 649, 654 (Iowa 2010) (holding an officer's mistake of law cannot provide the necessary probable cause to justify a traffic stop).

### B. Other Grounds.

The State claims the stop is "more easily upheld on the basis that the stopping officer had both probable cause and reasonable suspicion that Tostenson was fleeing from the commission of the offenses of criminal mischief and failure to have control of his vehicle." Although the district court did not address the claim that Officer Curoe had probable cause or reasonable suspicion of criminal mischief to justify a traffic stop, we note that the State raised the argument below. For the first time on appeal, the State argues the traffic stop was lawful because the officer had probable cause or reasonable suspicion that Tostenson failed to maintain control of his vehicle.

Our error preservation rules allow us to affirm the district court on a different ground than decided so long as the prevailing party urged that ground in the district court. *See DeVoss v. State*, 648 N.W.2d 56, 61-62 (Iowa 2002). But an exception exists for rulings on the admissibility of evidence; we will uphold a ruling on the admissibility of evidence "on any ground appearing in the record, whether urged below or not." *State v. McCowen*, 297 N.W.2d 226, 227 (Iowa 1980); *accord State v. Hinkle*, 229 N.W.2d 744, 748 (Iowa 1975) ("We further note our rule there is no reversible error if trial court's ruling which admitted the evidence in controversy

may be sustained on any ground."). "A motion to suppress on constitutional grounds is a challenge to the admissibility of evidence seized from a defendant. Therefore, we may affirm the district court's suppression ruling on any ground appearing in the record, whether urged by the parties or not." *State v. Gaskins*, 866 N.W.2d 1, 44 (Iowa 2015) (Waterman, J., dissenting). We therefore address both arguments.

### 1. Violation of section 321.288.

Iowa Code section 321.288(1) requires a person operating a motor vehicle to have the vehicle under control at all times. With some exceptions, this provision—and the rest of chapter 321 that relates to operating vehicles—refers "exclusively to the operation of vehicles upon highways." Iowa Code § 321.228. Chapter 321 defines a street or highway as "the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic." *Id.* § 321.1(78). In contrast:

> The public has no right to use a drive-in parking lot for vehicular traffic. It is privately owned. There is implied permission for the public to use the lot to do business with the proprietor. Such a parking lot is a private road or driveway as defined in section 321.1([54]) as "every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons."

*State v. Sims*, 173 N.W.2d 127, 128 (Iowa 1969). Because Officer Curoe stopped Tostenson for events that did not occur on a public highway, the provisions of section 321.288 do not apply, and a violation of section 321.288 cannot provide probable cause or reasonable suspicion to support the traffic stop. *See cf. Shaw v. Soo Line R. Co.*, 463 N.W.2d 51, 54 (Iowa 1990) (holding the "rule of the road"

prohibiting parking within fifty feet of railroad crossing, Iowa Code section 321.358(8) (1985), was not applicable to vehicles parked in private parking lot); *State v. Brown*, No. 13-2054, 2015 WL 4468841, at *3 (Iowa Ct. App. July 22, 2015) (holding statute prohibiting open containers, Iowa Code section 321.284(1) (2013), was not applicable to vehicle parked in private parking lot); *Hartson v. City of Pine Bluff*, 606 S.W.2d 149, 150-51 (Ark. Ct. App. 1980) (holding traffic rules violations—failure to yield right of way and violation of prohibition to start a vehicle which is stopped, standing, or parked unless and until such movements can be made with reasonable safety—was not applicable to private parking lot).

### 2. Criminal Mischief.

The State also asserts Officer Curoe had probable cause or reasonable suspicion to stop Tostenson for committing criminal mischief. Iowa Code section 716.1 defines criminal mischief as "damage, defacing, alteration, or destruction of property . . . when done intentionally by one who has no right to so act." Tostenson argues there is insufficient evidence to support a finding he acted intentionally.

To commit criminal mischief, a person must not only intend to do the act that damaged the property but must intend to cause the damage itself. *See State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998). To establish reasonable suspicion[2] sufficient to justify the traffic stop, "the State must prove by a preponderance of the evidence that the officer reasonably believed criminal activity was afoot based on 'specific and articulable facts . . . taken together with rational inferences from those

---

[2] "Reasonable suspicion is a less demanding standard than probable cause . . . ." *Alabama v. White*, 496 U.S. 325, 330 (1990). So if the facts available to Officer Curoe at the time of the stop could not provide a reasonable suspicion Tostenson had engaged in criminal mischief, they likewise could not provide probable cause for the stop.

facts.'" *State v. Pettijohn*, 899 N.W.2d 1, 15 (Iowa 2017) (citation omitted). We make this determination by examining the totality of the circumstances confronting the officer at the time of the stop, including all information available to the officer. *See id.* The question, then, is whether Officer Curoe had a reasonable belief that Tostenson intended to damage the light pole.

Officer Curoe testified that he learned "someone had just struck a pole in the Casey's parking lot with their car." When he arrived at the Casey's, Sergeant Smith[3] informed him that "a silver four-door sedan" had hit a pole in the Dollar General parking lot before heading west on Highway 9. On that information, Officer Curoe headed the same way and caught up with a vehicle matching that description on the on-ramp of Interstate 35. At the suppression hearing, Officer Curoe testified that based on the information he received from Sergeant Smith, he believed it was possible that Tostenson committed a crime.

> Q. And what crime, if any, were you investigating by stopping the vehicle? A. A hit and run in the Dollar General parking lot from hitting the light pole.
> Q. So had you already ruled out that it may be a criminal mischief case? A. I did not. It was just the crime that came to mind right away based on what . . . Sergeant Smith had told me.

Because the motivation of the officer stopping the vehicle is not controlling in determining whether reasonable suspicion existed, Officer Curoe's reason for stopping Tostenson is not binding on us. *See State v. Harrison*, 846 N.W.2d 362, 366 (Iowa 2014). Rather, the question is whether the facts available to Officer Curoe at the time of the stop would warrant a reasonable person to believe that

---

[3] At the suppression hearing, Sergeant Smith testified he thought the damage to the pole was accidental.

the stop was appropriate. *See State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002). With the scant information Officer Curoe possessed at the time of the stop, we cannot say a reasonable person would believe Tostenson intentionally damaged the light pole. The State failed to provide sufficient evidence to show a reasonable suspicion that Tostenson committed criminal mischief.

### III. Conclusion.

Because the State failed to establish probable cause or reasonable suspicion for the stop of Tostenson's vehicle,[4] the stop violated Tostenson's right to be free from unreasonable search and seizure and the evidence obtained in the stop of his vehicle is inadmissible. We reverse the order denying Tostenson's motion to suppress and remand the district court for a new trial.

**REVERSED AND REMANDED.**

---

[4] Although the facts may provide probable cause or reasonable suspicion that Tostenson committed a different crime, we may only consider the grounds argued in this appeal. *See State v. Short*, 851 N.W.2d 474, 479 (Iowa 2014) (noting that, regardless of merit, the State waived arguments "that the warrant originally obtained was not defective, that the alteration of the warrant did not violate the requirement of Iowa Code section 808.3, or that exigent circumstances existed to justify a warrantless search" by failing to raise them on appeal).