# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2338
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Clarence Robertson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 13, 2026
Filed: April 8, 2026

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Antonio Clarence Robertson pled guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He reserved the right to appeal the district court's[1] denial of his motion to suppress. The

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa, adopting the report and recommendation of the

court sentenced him to 48 months in prison. He appeals the denial of his motion to suppress. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

On December 21, 2023, Sergeant Michael Merritt and Officer Green of the Cedar Rapids Police Department were patrolling near the parking lot of several businesses, including Jim's Foods. The officers saw a man walk from a house known for narcotics-dealing toward Jim's Foods "interacting with vehicles parked at the north side of the building." The man entered the back seat of a Chevy Cruz parked close to Jim's Foods. Robertson was in the front seat.

The officers entered the lot and pulled up behind the Chevy. It started to exit the lot, but then quickly parked in front of Jim's Foods. The man exited the Chevy and made a hand-to-hand transaction with another man before entering Jim's Foods. Believing that the Chevy may be involved in criminal activity, the officers continued to surveil it. They watched it leave the parking spot at Jim's Foods and drive to the "main entrance and exit." Exiting the lot, the Chevy did "not come to a complete stop prior to approaching the sidewalk or entering the roadway, so it just kind of rolls right out into the roadway." The officers initiated a traffic stop for a violation of Iowa Code Section 321.353, which prohibits exiting from a "private driveway" onto a public roadway without stopping.

With the driver's permission, the officers searched the Chevy. In Robertson's seat, they found a pill bottle with prescription pills. Robertson had a bag of the same pills in his pocket. Later, officers found marijuana concealed on him. He was charged with possession with intent to distribute a controlled substance.

_____

Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa.

Robertson argues Sergeant Merritt did not have reasonable suspicion to stop the Chevy. Reviewing the denial of a motion to suppress, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Woods*, 829 F.3d 675, 678–79 (8th Cir. 2016). "The district court's denial of a motion to suppress will be upheld unless it is not supported by substantial evidence, is based on an erroneous interpretation of applicable law, or is clearly mistaken in light of the entire record." *Id*. at 679.

"A traffic stop constitutes a seizure for purposes of the Fourth Amendment and therefore must be supported by probable cause or reasonable suspicion." *United States v. Givens*, 763 F.3d 987, 989 (8th Cir. 2014). Probable cause exists for a traffic stop if the officer has an objectively "reasonable basis for believing that the driver has breached a traffic law." *United States v. Gordon*, 741 F.3d 872, 876 (8th Cir. 2013). The district court did not err in finding the officers had an objectively reasonable basis for believing that the driver of the Chevy breached Iowa Code § 321.353.

Iowa Code § 321.353 states:

> 1. The driver of a vehicle emerging from a private roadway, alley, driveway, or building shall stop such vehicle immediately prior to driving on the sidewalk area and thereafter the driver shall proceed into the sidewalk area only when the driver can do so without danger to pedestrian traffic and the driver shall yield the right-of-way to any vehicular traffic on the street into which the driver's vehicle is entering.
>
> 2. The driver of a vehicle about to enter or cross a highway from a private road or driveway shall stop such vehicle immediately prior to driving on said highway and shall yield the right-of-way to all vehicles approaching on said highway.

Iowa Code § 321.1(54) defines "private road" or "driveway" as:

> [E]very way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons.

Iowa Code § 321.1(78) defines "street" or "highway" as:

> [T]he entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for the purposes of vehicular traffic.

It is undisputed that the Chevy did not stop before driving into the sidewalk as it was leaving the Jim's Foods parking lot and entering 6th Street SW. Robertson contends the parking lot was "open to the use of the public" rather than a private road, alley, or driveway as required under Iowa Code § 321.353. Specifically, he argues: "The lot in question was not a private lane or driveway because it was available for public use as a traffic lane while traveling from one street to another." This argument is inconsistent both with the evidence at the suppression hearing and the applicable Iowa law.

There is no evidence in the record that the Jim's Foods parking lot was "available for public use as a traffic lane while traveling from one street to another." To the contrary, the district court found credible Sergeant Merritt's testimony that the "parking lot is reserved for the private businesses, so people that are frequenting those businesses." The private business owners could tow vehicles from their lot, remove trespassers from their lot, and block access to their lot for maintenance (which they performed). People driving on 6th Street SW could not "drive into that parking lot to attempt to bypass traffic or anything."

Robertson's argument is also inconsistent with Iowa law. In *State v. Sims*, 173 N.W.2d 127 (Iowa 1969), the Iowa Supreme Court considered whether a drive-in restaurant's parking lot was a public highway. Sims was convicted of carrying a loaded gun on a public highway. *Id*. at 128. The gun was found in a car parked in

-4-

the parking lot of a drive-in restaurant. *Id*. The state argued the parking lot was a public highway under Iowa Code § 321.1(48). *Id*. At the time, Iowa Code § 321.1(48) defined "street" or "highway" as it is currently defined: "the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for the purposes of vehicular traffic." *Id*.

The Iowa Supreme Court held:

[A] parking lot for a drive-in restaurant is not a public highway.

The public has no right to use a drive-in parking lot for vehicular traffic. It is privately owned. There is implied permission for the public to use the lot to do business with the proprietor. Such a parking lot is a private road or driveway as defined in section 321.1(49) as "every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons."

*Id*.

In *State v. Brown*, 870 N.W.2d 687, 2015 WL 4468841 (Iowa Ct. App. July 22, 2015) (unpublished) (Table), the Iowa Court of Appeals cited *Sims* in granting a defendant's motion to suppress evidence. In *Brown*, the defendant argued that officers lacked probable cause to search her vehicle because having an open container of alcohol in an automobile in a private parking lot did not violate Iowa Code § 321.284(1). *Id*. at *1. The district court denied the defendant's motion to suppress, holding that "because the parking lot was open to the public at the time Brown was seen there, the parking lot was included in the definition of 'public street or highway.'" *Id*. The Iowa Court of Appeals reversed:

In its ruling on Brown's motion to suppress, the district court held that the parking lot in question had sufficient public use to come within the definition of "public street or highway." We disagree.

Our supreme court considered a similar situation in *State v. Sims*, 173 N.W.2d 127, 128 (Iowa 1969). In *Sims*, the defendant was in an automobile in the parking lot of a drive-in restaurant when a police officer noticed the defendant had a gun in the vehicle. 173 N.W.2d at 128. The defendant was charged with a violation of Iowa Code section 110.23 (1966), which prohibited persons from "hav[ing] or carry[ing] any gun in or on any vehicle on any public highway." *Id*. The court considered the definition of public highway as provided by the Iowa Code, the same definition applicable here, and held the parking lot of a private restaurant is not a public highway. *Id*. The court found:

> The public has no right to use a drive-in parking lot for vehicular traffic. It is privately owned. There is implied permission for the public to use the lot to do business with the proprietor. Such a parking lot is a private road or driveway as defined in section 321.1[(54)] as "every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons."

*Id*. at *2–3.

Here, as in *Sims* and *Brown*, while the public may have had "implied permission from the owner to park in the lot," the lot was not "open to the use of the public, as a matter of right, for the purposes of vehicular traffic." The court properly determined: "[p]rivate maintenance of the lot and exclusion of traffic by a private owner are not consistent with the public's right to use the parking lot as a highway."

The court did not err in denying the motion to suppress.

* * * * * * *

The judgment is affirmed.

_____