STATE of Iowa, Plaintiff,

v.

**IOWA DISTRICT COURT FOR MAHASKA COUNTY,**
Defendant.

No. 99–1920.

Supreme Court of Iowa.

Dec. 20, 2000.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Charles A. Stream, County Attorney, and Vernon G. Stejskal, Assistant County Attorney, for plaintiff.

Matthew B. Moore of Heslinga, Heslinga, Dixon & Moore, Oskaloosa, for defendant.

SNELL, Justice.

This writ of certiorari questions the district court's ability to suspend a sentence to the department of corrections for Operating While Intoxicated (OWI), Third Offense without requiring a mandatory minimum of thirty days served in the county jail. We hold that the applicable statute authorizes such a suspension and annul the writ.

## I. Factual Background and Proceedings

The circumstances of this appeal began when Daryl Kent Beyer pled guilty to OWI third. Beyer had two precedent OWI convictions within the applicable time period to elevate his conviction to a third

offense. OWI third is a class "D" felony. Iowa Code § 321J.2(2)(c) (1999). Pursuant to his plea, the district court committed Beyer to the custody of the department of corrections for an indeterminate term of five years. The court thereafter suspended the sentence, and Beyer was placed on probation. In its discretion, the court relied on the recommendation in the pre-sentence investigation report and decided not to impose a minimum penalty of thirty-days incarceration. The court recognized "it [was] an unusual recommendation for probation," but determined it was warranted under the circumstances. The State contested the suspension because Beyer was not required to serve a mandatory minimum.

The State filed a petition for a writ of certiorari with our court. It argued that the district court had no authority to grant Beyer an outright suspended sentence for his conviction of OWI third. The State relies on the previous statute which required a mandatory minimum sentence to be imposed for all third offense OWI convictions. Iowa Code § 321J.2(2)(c) (1997). However, in 1997, the Iowa Legislature amended section 321J.2(2)(c) and omitted this language. See 1997 Iowa Acts ch. 177, § 4. The meaning of the current version of section 321J.2(2)(c) is now at issue in the present case. See Iowa Code § 321J.2(2)(c) (1999).

The State asserts that the omission of this language did not defeat the general prohibition against suspended sentences under the remaining portions of section 321J.2(2). Beyer counters that because the language was eliminated, the Iowa Legislature repealed the mandatory minimum penalty for OWI third sentences to the department of corrections. As such, Beyer argues he was properly given a suspended sentence. We granted the State's petition and now address the merits.

## II. Scope and Standard of Review

We review the district court's interpretation of section 321J.2 for correction of

errors at law. Iowa R.App.P. 4; *State v. Guzman–Juarez,* 591 N.W.2d 1, 2 (Iowa 1999). As such, our court is not required to give a preference to the trial court's legal determinations, if any. *State v. Francois,* 577 N.W.2d 417, 417 (Iowa 1998); *State v. Bond,* 493 N.W.2d 826, 828 (Iowa 1992). In other words, "the district court's interpretation does not bind this court." *State v. Knowles,* 602 N.W.2d 800, 801 (Iowa 1999); *accord Fuller v. Iowa Dep't of Human Servs.,* 576 N.W.2d 324, 328 (Iowa 1998).

The principles of statutory interpretation are relevant here. "When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its express terms." *State v. Chang,* 587 N.W.2d 459, 461 (Iowa 1998). However, if a statute is ambiguous, such that its meaning is open to more than one reasonable interpretation, this court may utilize the rules of statutory construction. *State v. Maher,* 618 N.W.2d 303, 305 (Iowa 2000). The ultimate goal is "a reasonable interpretation and construction which will best effect the purpose of the statute, seeking to avoid absurd results." *State v. Link,* 341 N.W.2d 738, 740 (Iowa 1983).

### III. Issue on Appeal

The issue of dispute stems from the meaning of Iowa Code section 321J.2(2)(c). The district court determined this section authorized granting a defendant convicted of an OWI third a suspended sentence without serving any mandatory minimum. The State argues this contravenes the purpose of section 321J.2 because a mandatory minimum is required each for OWI first and OWI second. *See* Iowa Code § 321J.2(2)(a)(1), (b) (requiring a minimum of forty-eight hours for OWI first and confinement of not less than seven days for OWI second). The district court's interpretation results in no mandatory minimum being required for OWI third sentences when the defendant is committed to the department of corrections. The State argues this is an absurd result.

Section 321J.2(2)(c) is reproduced herein:

> 2. A person who violates subsection 1 commits:
>
> . . . .
>
> c. A class "D" felony for a third offense and each subsequent offense, and shall be imprisoned in the county jail for a determinate sentence of not more than one year but not less than thirty days, *or* committed to the custody of the director of the department of corrections, and assessed a fine of not less than two thousand five hundred dollars nor more than seven thousand five hundred dollars. A person convicted of a third or subsequent offense may be committed to the custody of the director of the department of corrections, who shall assign the person to a facility pursuant to section 904.513 or the offender may be committed to treatment in the community under the provisions of section 907.6.

*Id.* § 321J.2(2)(c) (emphasis added).

The material removed in 1997 by the Iowa Legislature eliminated language requiring a thirty-day minimum confinement for suspended department of correction sentences. The omitted language stated:

> The minimum jail term of thirty days cannot be suspended notwithstanding section 901.5, subsection 3, and section 907.3, subsection 3, however, the person sentenced shall receive credit for any time the person was confined in a jail or detention facility following arrest. *If a person is committed to the custody of the director of the department of corrections pursuant to this paragraph and the sentence is suspended, the sentencing court shall order that the offender serve the thirty-day minimum term in the county jail.*

Iowa Code § 321J.2(2)(c) (1997) (emphasis added), *withdrawn by* 1997 Iowa Acts ch. 177, § 4.

At the same time the above language was eliminated, the legislature added subsection three detailing when a suspended

sentence would be improper. Iowa Code § 321J.2(3) (1999). Specifically, section 321J.2(3)(a) states that the court may not suspend a "mandatory minimum sentence of incarceration applicable to the defendant under subsection 2 ... [i]f the defendant has previously been convicted of a violation of subsection 1." *Id.* § 321J.2(3)(a)(2). Section 907.3 further reinforces this provision. *Id.* § 907.3(3)(c). This new language in subsection three never existed concurrently with the omitted language from subsection two. The State asks us to speculate that subsection three was added to substitute for the absence of the language in subsection two. However, this conclusion is only relevant if a mandatory minimum applies to all OWI third convictions regardless of place of commitment.

One thing has remained constant in section 321J.2(2)(c). The language indicating there is a mandatory minimum penalty for an OWI third sentence to the county jail has not changed. A defendant convicted of an OWI third "shall be imprisoned in the county jail for a determinate sentence of not more than one year but *not less than thirty days,* or committed to the custody of the director of the department of corrections." *Id.* § 321J.2(2)(c) (emphasis added). This is the only remaining statement the State can hope to use to show there is a mandatory minimum for sentences to the department of corrections as well. If such a correlation can be made, section 321J.2(3) makes it clear that the mandatory minimum cannot be suspended if the defendant has at least one previous OWI conviction. As such, Beyer would not be eligible for suspension until he has served thirty days in the county jail.

### A. The Meaning of Section 321J.2(2)(c)

■ For several reasons, we are persuaded that there is no mandatory minimum for OWI third sentences to the department of corrections. For instance, if an OWI third offender is committed to the county jail, the most he can receive is a year. *Id., see State v. Patterson,* 586 N.W.2d 83, 83–84 (Iowa 1998) (holding a sentence which totals more than one year in the county jail is illegal). However, if the same defendant is committed to the department of corrections he can be sentenced to as many as five years. *See State v. Klein,* 574 N.W.2d 347, 348 (Iowa 1998). It follows then that because the maximum, one-year penalty only applies to the county jail commitment, the thirty-day minimum is also similarly limited to sentences served at the county jail. A plain reading of the statute supports this conclusion. Without the omitted language, nothing remains to force an offender committed to the department of corrections to serve at least thirty days in the county jail.

Similarly, there is a tradition of different treatment between department of corrections commitments and county jail confinements authorized by the Iowa Code. *See* Iowa Code § 902.3 (providing an OWI third offender need not be committed to an indeterminate term of five years if he is sentenced to the county jail). In this regard we have recognized: "The legislation clearly enables the court to take advantage of community-based corrections appropriate for one defendant, while preserving the right to commit another defendant to the department of corrections when longer term incarceration is warranted." *State v. Morris,* 416 N.W.2d 688, 690 (Iowa 1987). If Beyer were to violate the terms of his probation, he would still be subject to as much as five years imprisonment. As such, a sentence to the department of corrections still carries a sizeable penalty.

The State argues this interpretation creates an absurd result. No mandatory minimum would be required for OWI third commitments to the department of corrections while both OWI first and second offenses carry mandatory confinement penalties. *See* Iowa Code § 321J.2(2)(a)(1), (b). Further, the State points out that OWI third commitments to the county jail would have a mandatory minimum, but similar commitments to the department of corrections would not. The

State maintains there can be no rational reason for the above distinctions and suggests the legislature did not intend such a result by its 1997 amendment. We cannot agree. Section 321J.2(2)(c) merely gives sentencing courts the discretion to suspend an OWI third offender's sentence in those cases where one is warranted.

Moreover, a plain reading of section 321J.2(2)(c) clearly applies the mandatory minimum to county jail commitments only. In the context of interpreting section 321J.2 we have previously stated:

In construing statutes, we search for the legislature's intent as evidenced by what the legislature said, rather than what it might have said. In addition, "[w]hen the text of a statute is plain and its meaning clear, the court should not search for a meaning beyond the express terms of the statute." Applying these rules here, we must conclude ... [t]he statute is absolute in its terms.... To adopt [a different] interpretation of this statute would require us to read something into the law that is not apparent from the words chosen by the legislature. This we cannot do.

*Guzman–Juarez,* 591 N.W.2d at 2 (citations omitted) (quoting *Henriksen v. Younglove Constr.,* 540 N.W.2d 254, 258 (Iowa 1995)). We have also held that a "court may not add its own unwarranted words of qualification to [a] statute." *Kelly v. Brewer,* 239 N.W.2d 109, 115 (Iowa 1976).

As reasoned above, section 321J.2(2)(c) must be interpreted literally. As it is written today, we are persuaded that the legislature purposely limited the mandatory minimum sentence to county jail commitments only. To adopt another interpretation of this language would be nothing short of judicial legislating. Accordingly, the district court did not exceed its authority when it granted Beyer a suspended sentence.

**WRIT ANNULLED.**