# IN THE SUPREME COURT OF IOWA

No. 17–0783

Filed October 19, 2018

**RICHARD EUGENE NOLL,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR MUSCATINE COUNTY,**

Defendant.

---

Petition for writ of certiorari from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A plaintiff files a petition for writ of certiorari claiming his sentence is illegal. **WRIT SUSTAINED.**

Thomas Hurd of Glazebrook & Hurd, LLP, Des Moines, for plaintiff.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, and Alan Ostergren, County Attorney, for defendant.

**WIGGINS, Justice.**

The district court sentenced the certiorari plaintiff as a habitual offender for operating while intoxicated (OWI), third offense. The plaintiff filed a motion to correct an illegal sentence, claiming his sentence was illegal because the statutory scheme did not allow him to be sentenced as a habitual offender. The district court denied the plaintiff's motion. The plaintiff filed a notice of appeal and a brief. Under Iowa Rule of Appellate Procedure 6.108, we convert his appeal to a petition for writ of certiorari and grant the petition.

On the merits, we find Iowa Code section 321J.2(5) (2011)[1] prescribes the maximum and minimum sentence for OWI, third and subsequent offenses. Thus, the habitual offender provisions in sections 902.8 and 902.9 do not apply to OWI, third and subsequent offenses. Therefore, we sustain the writ of certiorari, vacate Noll's sentence, and remand for resentencing.

## I. Background Facts and Proceedings.

On April 14, 2011, the state charged Richard Eugene Noll with OWI, third offense, in violation of Iowa Code section 321J.2(1)(*a*), and as a habitual offender under section 902.8. In a bifurcated trial, the jury found Noll guilty of OWI. Noll then stipulated that he had two prior OWI convictions and two prior felony OWI, third offense, convictions.

On January 6, 2012, the court adjudged Noll guilty of OWI, third offense, and as a habitual offender, in violation of sections 321J.2(1)(*a*) and 902.8, respectively. The court sentenced Noll to an indeterminate term of incarceration not to exceed fifteen years with a three-year mandatory minimum term of confinement. Noll was also ordered to pay a

---

[1]All references to the Iowa Code will be to the 2011 Code unless otherwise noted.

$5000 fine, a 35% surcharge, court costs, attorney fees, and a $10 DARE surcharge.

On January 23, 2017, Noll filed a "Motion to Correct Illegal Sentence." He argued he received an illegal sentence "as Iowa law no longer authorizes the State to impose habitual offender enhancements on an OWI 3rd." The state filed a resistance. The district court denied Noll's motion. Noll appealed by filing a notice of appeal.

## II. Jurisdiction.

Noll filed a notice of appeal after the district court found his sentence was not an illegal sentence. The way to challenge the denial of a motion to correct an illegal sentence is by writ of certiorari. *State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017) (citing Iowa R. App. P. 6.107). When a party starts an appeal by filing a notice of appeal but another form of appellate review is proper, our rules allow us to proceed with the appeal as though the appellant requested the proper form of appeal. Iowa R. App. P. 6.108. Under this rule, we choose to exercise our discretion and treat the notice of appeal and accompanying brief as a petition for writ of certiorari, grant the writ, and proceed to the merits of the petition for writ of certiorari.

## III. Issue.

Whether the court must vacate Noll's sentence because Iowa Code section 321J.2 prescribes a specific, fixed punishment for OWI, third offense and sentencing him as a habitual offender under Iowa Code sections 902.8 and 902.9 was illegal.

## IV. Standard of Review.

Noll claims his sentence is illegal because the sentencing court incorrectly interpreted the statutes under which it sentenced him. Because he does not allege a constitutional violation, we review his illegal-sentence challenge for correction of errors at law. *State v. Lyle,* 854

N.W.2d 378, 382 (Iowa 2014). Likewise, "[o]ur standard of review for questions of statutory interpretation is for correction of errors at law." *Vance v. Iowa Dist. Ct.*, 907 N.W.2d 473, 476 (Iowa 2018). "We also review an original certiorari action for the correction of errors at law. 'Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law.'" *Id.* (citation omitted) (quoting *State Pub. Def. v. Iowa Dist. Ct.*, 747 N.W.2d 218, 220 (Iowa 2008)).

## V. Relevant Statutes.

Section 321J.2(5) prescribes the sentence for any person convicted of the class "D" felony OWI, third offense. It provides,

> 5. A third offense is punishable by all of the following:
>
> *a.* Commitment to the custody of the director of the department of corrections for an indeterminate term not to exceed five years, with a mandatory minimum term of thirty days.
>
> (1) If the court does not suspend a person's sentence of commitment to the custody of the director of the department of corrections under this paragraph "*a*", the person shall be assigned to a facility pursuant to section 904.513.
>
> (2) If the court suspends a person's sentence of commitment to the custody of the director of the department of corrections under this paragraph "*a*", the court shall order the person to serve not less than thirty days nor more than one year in the county jail, and the person may be committed to treatment in the community under section 907.6.
>
> *b.* Assessment of a minimum fine of three thousand one hundred twenty-five dollars and a maximum fine of nine thousand three hundred seventy-five dollars. Surcharges and fees shall be assessed pursuant to chapter 911.
>
> *c.* Revocation of the person's driver's license for a period of six years pursuant to section 321J.4, subsection 4.
>
> *d.* Assignment to substance abuse evaluation and treatment, a course for drinking drivers, and, if available and appropriate, a reality education substance abuse program pursuant to section 321J.24.

Iowa Code § 321J.2(5).[2]

Iowa Code section 902.9 enumerates the maximum sentences for felony offenses and provides in pertinent part,

> The maximum sentence for any person convicted of a felony shall be that prescribed by statute or, if not prescribed by statute, if other than a class "A" felony shall be determined as follows:
>
> . . . .
>
> 3. An habitual offender shall be confined for no more than fifteen years.
>
> . . . .
>
> 5. A class "D" felon, not an habitual offender, shall be confined for no more than five years, and in addition shall be sentenced to a fine of at least seven hundred fifty dollars but not more than seven thousand five hundred dollars.
>
> The surcharges required by sections 911.1, 911.2, and 911.3 shall be added to a fine imposed on a class "C" or class "D" felon, as provided by those sections, and are not a part of or subject to the maximums set in this section.

*Id.* § 902.9(3), (5).

Additionally, Iowa Code section 902.8 defines when a person is a habitual offender and the minimum sentence for habitual offenders. It provides,

> An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

*Id.* § 902.8.

---

[2]In 2010, the Iowa General Assembly amended section 321J.2 so section 321J.2(2)(*c*) specifies that a violation of the OWI statute is "[a] class 'D' felony for a third offense and each subsequent offense" and section 321J.2(5) provides the punishment for "[a] third offense." Iowa Acts ch. 1124, §§ 1, 9 (effective Dec. 1, 2010).

**VI. Analysis.**

Noll contends the habitual offender sentence contained in sections 902.8 and 902.9 do not apply to him because the legislature prescribed by statute in section 321J.2(5) the maximum and minimum sentence for felony OWI, third and subsequent offenses. To determine if Noll is correct, we must interpret the relevant sections of the Code.

When interpreting a statute, we look at the language the legislature chose to use, not the language it might have used. *Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 770 (Iowa 2016). In other words, we cannot change the meaning of a statute, as expressed by the words the legislature used, if the words used by the legislature do not allow for such a meaning. *Id.*

We find the plain and ordinary meaning of the words used in sections 321J.2(5), 902.8, and 902.9 articulate a legislative intent that the court should not have sentenced Noll as a habitual offender. Section 902.9 states its sentencing scheme does not apply if the statute under which the court is sentencing the person prescribes the maximum sentence for that felony. Iowa Code § 902.9. Section 321J.2(5) prescribes the maximum sentence for OWI, third offense, as "an indeterminate term not to exceed five years, with a mandatory minimum term of thirty days." *Id.* § 321J.2(5)(*a*). It also follows that because the court should not have sentenced Noll as a habitual offender, he could not be subject to the minimum sentence in section 902.8. *See id.* § 902.8 ("*A person sentenced as an habitual offender* shall not be eligible for parole until the person has served the minimum sentence of confinement of three years." (Emphasis added.)).

This plain language interpretation is also consistent with the legislative history of section 321J.2(5). In 2002, the legislature amended

section 321J.2(5)—then section 321J.2(2)(*c*)—to provide the penalty for OWI, third, and subsequent offenses as "commit[ment] to the custody of the director of the department of corrections for an indeterminate term not to exceed five years, [with] a mandatory minimum term of thirty days." 2002 Iowa Acts ch. 1042, § 1 (codified at Iowa Code § 321J.2(2)(*c*) (2003)). Prior to this amendment, section 321J.2 classified and provided the penalty for OWI, third offense, as,

> A class "D" felony for a third offense and each subsequent offense, and shall be imprisoned in the county jail for a determinate sentence of not more than one year but not less than thirty days, or *committed to the custody of the director of the department of corrections*, and assessed a fine of not less than two thousand five hundred dollars nor more than seven thousand five hundred dollars.

Iowa Code § 321J.2(2)(*c*) (2001) (emphasis added).

We interpreted the statute prior to the 2002 amendment in *Bown v. State*, 475 N.W.2d 3 (Iowa 1991). There we held the habitual offender enhancements in sections 902.8 and 902.9 apply to OWI, third offenses, because then-section 321J.2(2)(*c*) did not prescribe a maximum sentence when the court committed the defendant to the custody of the director of the department of corrections. *Id.* at 5–6, 7.

In *State v. Iowa District Court*, we revisited the penalty provision in then-section 321J.2(2)(*c*). 620 N.W.2d 271, 273 (Iowa 2000) (en banc), *superseded by statute*, 2002 Iowa Acts ch. 1042, § 1. There we held that when a court commits the defendant to the custody of the director of the department of corrections, there is no mandatory minimum sentence. *Id.* at 275.

In response to our decision, the legislature amended section 321J.2. H.F. 2230, 79th G.A., 2d Sess., explanation (Iowa 2002). A purpose of the amendment was to add a minimum sentence to the statute. H.F. 2230,

79th G.A., 2d Sess., fiscal note. The fiscal note accompanying the bill stated, "[The bill] also amends sentencing options for OWI third or subsequent offenses." *Id.* By making this amendment in the form it did, the legislature intentionally chose to include language in section 321J.2 prescribing a maximum sentence.[3]

If the legislature wanted to add only a mandatory minimum sentence, one option would have been to put the mandatory minimum in chapter 902 as it has done with other crimes. *See, e.g.*, Iowa Code § 902.7 (2011) (mandatory minimum for use of a dangerous weapon); *id.* § 902.8A (mandatory minimum for conspiring to manufacture, or delivery of, amphetamine or methamphetamine to a minor); *id.* § 902.12 (mandatory minimum for certain felonies); *id.* § 902.13 (2018) (mandatory minimum for certain domestic abuse assault offenses).

By prescribing a maximum sentence in section 321J.2, the legislature took OWI-third-and-subsequent-offense offenders out of the habitual offender option of section 902.9. Although this outcome may not have been the actual intent of the legislature, it is the intent expressed by the words the legislature chose to use. Under our rules of statutory interpretation, we are required to reach this decision. *See Ramirez-Trujillo*, 878 N.W.2d at 770. This holding applies retroactively to all persons sentenced under the amended statute.

**VII. Disposition.**

We must interpret sections 321J.2(5)(*a*), 902.8, and 902.9 literally. *See Iowa Dist. Ct.*, 620 N.W.2d at 275. As the legislature wrote the law,

---

[3]Notably, the legislature's choice to place the maximum and minimum sentence provisions for OWI, third and subsequent offenses, in section 321J.2 parallels its decision to place the maximum and minimum sentence provisions for OWI, first and second offenses, in section 321J.2. *Compare* Iowa Code § 321J.2(3), (4) (2011) (prescribing maximum and minimum sentences for first and second OWI offenses), *with id.* § 321J.2(5) (prescribing maximum and minimum sentences for third and subsequent OWI offenses).

we find that Noll is not subject to the habitual offender statutes. "To adopt another interpretation of this language would be nothing short of judicial legislating." *Id.* Therefore, we sustain the writ of certiorari, vacate Noll's sentence, and remand for resentencing.

**WRIT SUSTAINED.**