# IN THE COURT OF APPEALS OF IOWA

No. 18-0756
Filed January 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONAH CRAIG CHINN,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Guthrie County, Thomas P. Murphy, Judge.


        Jonah Chinn appeals his conviction, following a guilty plea, of operating while intoxicated, third offense. **AFFIRMED.**


        John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge**

Jonah Chinn was charged by trial information with the following crimes: (1) driving while barred as a habitual offender; (2) operating while intoxicated (OWI), third or subsequent offense; and (3) possession of cocaine. The parties ultimately reached a plea agreement. At the plea hearing, the State advised the court as follows:

> A plea agreement has been reached in this case, wherein Mr. Chinn's plea of guilty to Count II of the trial information, OWI, third offense, Class D Felony, the State will move to dismiss the remaining counts in the trial information following sentencing. *And, additionally, not pursue the habitual felon enhancement which was filed in this case.*

(Emphasis added.) Upon questioning by the court, defense counsel agreed the State "accurately summarized the terms of the agreement." The court went on to advise Chinn of the rights he was giving up by pleading guilty, the State's evidentiary burden for the charge he was pleading guilty to, the minimum and maximum penalties for the same, and the court's ability to sentence him contrary to the terms of the plea agreement or the parties' recommendations. Chinn admitted to facts sufficient to establish a factual basis for his plea to operating while intoxicated, third offense, and the court accepted the plea. The court then notified Chinn of his obligation to file a motion in arrest of judgment if he wished to challenge the adequacy of his plea for any reason. No motion in arrest of judgment was ever filed, and the court imposed sentence at a subsequent hearing.

Chinn appeals, contending his counsel was ineffective in failing to ensure he understood the charges he was facing and the terms of the plea agreement in conjunction with entering his guilty plea and in failing to file a motion in arrest of

judgment on those grounds. Although Chinn failed to file a motion in arrest of judgment, he may challenge his plea through a claim of ineffective assistance of counsel. *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017). Our review of such claims is de novo. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). Chinn must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). Failure to prove either is fatal to the claim. *See State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017).

Chinn clings to the following language in the State's recitation of the plea agreement to support his argument his counsel was ineffective in failing to ensure he understood the charges and plea agreement: "And, additionally, not pursue the habitual felon enhancement which was filed in this case." The parties appear to agree that the State was referring to not pursuing application of the sentencing provisions contained in Iowa Code sections 902.8 and 902.9(1)(c) (2017).[1] The parties also agree that the habitual-offender sentencing enhancement was not alleged in the trial information. Chinn argues:

> Counsel for the State advised the court that a notice of habitual offender enhancement had been filed and this is simply not accurate. Counsel for Chinn should have corrected this error or filed a motion in arrest of judgment before the sentencing, and was ineffective for failing to do so.

---

[1] We note that, following Chinn's plea and sentence, the supreme court ruled third or subsequent OWI offenders are not subject to the habitual-offender provisions contained in Iowa Code section 902.8 and 902.9. *See Noll v. Iowa Dist. Ct.*, 919 N.W.2d 232, 236 (Iowa 2018).

We agree the prosecutor misspoke as to whether the habitual-offender enhancement was filed. However, a de novo review of the record shows Chinn could have potentially been charged as a habitual offender.[2] It is possible that defense counsel mistakenly believed that a habitual-offender enhancement had been filed by the State and was in play and counsel's advice to Chinn on whether to plead guilty was affected by that mistaken belief. It is also possible that the State's agreement to not amend the trial information and pursue the enhancement was discussed during plea negotiations, counsel's advice on whether to plead guilty was tailored to include such information, and counsel simply neglected to challenge the variation of how the State indicated at the plea hearing that it would not pursue it. Absent a record concerning the substance of the plea negotiations, we find the record inadequate to decide whether counsel failed to perform an essential duty or whether Chinn was prejudiced. Consequently, we affirm Chinn's conviction, but preserve his claim of ineffective assistance of counsel for possible postconviction-relief proceedings. *See Harris*, 919 N.W.2d at 754.

**AFFIRMED.**

---

[2] A presentence-investigation report (PSI) was prepared following Chinn's guilty plea. The PSI shows Chinn was convicted of two counts of second-degree theft and one count of first-degree theft in 2005 and another count of second-degree theft in 2014, all of which amount to either class "C" or "D" felonies. *See* Iowa Code § 714.2(1)–(2). When asked at sentencing whether he had any corrections, deletions, or additions to the PSI, Chinn only noted his address was incorrect. Having twice before been convicted of a felony in this State, and facing a charge of operating while intoxicated, third or subsequent offense, a class "D" felony, *id.* § 321J.2(2)(c), if he was represented by counsel in those prior convictions, Chinn qualified as a habitual offender. *See id.* § 902.8.