# IN THE COURT OF APPEALS OF IOWA

No. 18-1965
Filed April 1, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW DOUGLAS HARBOUR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

A defendant contests his convictions for operating while intoxicated, third offense; driving while barred; and driving while revoked. **AFFIRMED.**

Shawn Smith of Smith Law Firm, PC, Ames, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Matthew Harbour accepted a plea agreement in which the State agreed to dismiss the habitual-offender enhancement of his operating while intoxicated (OWI), third offense. Eight days later the Iowa Supreme Court decided the legislature did not intend for an OWI third sentence to be enhanced by applying Iowa Code section 902.9 (2018). *See Noll v. Iowa Dist. Ct. for Muscatine Cty.*, 919 N.W.2d 232, 235 (Iowa 2018). On appeal, Harbour alleges his trial attorney was remiss in not protesting the plea agreement as invalid. Harbour also challenges the district court's denial of his motion to sever a theft charge.

Because the record is inadequate to assess the reasonableness of counsel's performance or resulting prejudice, we believe Harbour must litigate his claim in postconviction-relief (PCR) proceedings. By pleading guilty, Harbour waived the severance issue. Thus, we affirm his convictions.

## I. Facts and Prior Proceedings

In May 2018, Harbour entered a Hy-Vee store in Ames and selected several items (worth more than $250), placed them in a shopping basket, and went through the exit doors without paying. A store employee stopped Harbour, compelled him to come back inside, and confronted him about not paying. In response, Harbour ran out of the store, entered his vehicle, and sped away. An employee then called Ames police. Dispatch relayed a description of the suspect and vehicle fleeing through parking lots at a high rate of speed.

The police located and stopped Harbour. Officers determined his driver's license was barred and revoked. During the stop, the officer noticed Harbour showed signs of intoxication. After refusing field sobriety tests, Harbour underwent

a blood draw. A month later, the State charged Harbour with OWI, third offense; driving while barred; driving while revoked; and theft in the fourth degree. In an amended trial information, the State alleged Harbour's OWI charge should be enhanced because of his status as an habitual offender under Iowa Code section 902.8 (2018).

In September 2018, defense counsel moved to sever the theft count. The defense argued that charge "occurred separately and distinctly from the driving offenses" so trying all allegations together would "unfairly prejudice" Harbour. After a hearing, the district court denied Harbour's motion.

In October, Harbour entered written pleas of guilty to driving while revoked (a serious misdemeanor) and driving while barred (an aggravated misdemeanor). At an October hearing, Harbour pleaded guilty to OWI, third offense (a class "D" felony)—without the habitual-offender enhancement. The State also dismissed the theft count. Harbour waived the opportunity to move in arrest of judgment and went to immediate sentencing.

The district court sentenced Harbour to consecutive terms of one year, two years, and five years on the three counts. Harbour filed a timely notice of appeal.

## II. Scope and Standards of Review

Harbour raises two issues on appeal. First, he contends the district court was wrong to deny his request to sever his theft charge from his driving charges. Second, Harbour argues counsel was ineffective in allowing him to plead guilty based on "the State's promise predicated upon the dismissal of an illegal sentencing provision."

We review the district court's refusal to sever multiple charges against a single defendant for an abuse of discretion. *State v. Geier*, 484 N.W.2d 167, 172 (Iowa 1992). We review Harbour's claim of ineffective assistance of counsel in the handling of his guilty pleas de novo.[1] *See State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020).

## III. Analysis

### A. Severance Motion

Harbour argues the district court abused its discretion by not severing his theft charge because that offense occurred separately and was distinct from his driving offenses. The State contends Harbour waived this complaint by pleading guilty. *See Schmidt v. State*, 909 N.W.2d 778, 785 (Iowa 2018) (explaining a valid guilty plea waives the right to contest adverse pretrial rulings not intrinsic to the plea itself).

We agree with the State's contention. Harbour pleaded guilty in open court, with the assistance of counsel, and acknowledged he was doing so knowingly and voluntarily. By that act, Harbour waived his right to appeal the adverse ruling on his motion to sever the theft charge. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) (differentiating between claims of ineffective assistance of counsel

---

[1] We recognize the legislature recently amended Iowa Code section 814.6 to prohibit most appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140, § 28. That same legislation amended section 814.7 to bar appellate courts from deciding claims of ineffective assistance of counsel on direct appeal. *See id.* at § 31. But our supreme court decided those provisions did not apply to judgments entered before July 1, 2019. *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019). Because the court entered judgment here in October 2018, we may consider Harbour's ineffective-assistance claim on direct appeal if the record is adequate. *See Kuhse*, 937 N.W.2d at 627.

that render a guilty plea invalid and those extrinsic to the plea). Harbour does not argue the severance issue was intrinsic to his guilty plea or that counsel was ineffective in raising the issue. We find no reason to disturb the district court's denial of Harbour's severance motion.

### B. Ineffective Assistance of Counsel

Relying on *Noll*, Harbour disputes the effectiveness of his representation during the plea negotiations. In that case, our supreme court held, "By prescribing a maximum sentence in section 321J.2, the legislature took OWI-third-and-subsequent-offense offenders out of the habitual offender option of section 902.9." *Noll*, 919 N.W.2d at 236. The supreme court decided its holding applied "retroactively to all persons sentenced under the amended statute." *Id.*

No doubt the State's dismissal of the habitual-offender enhancement was an incentive for Harbour to accept the plea offer. As the sentencing court observed, "[G]ranted the State dismissed the habitual offender, which saves a lot of prison time, I'm sure that was part of the plea agreement here." As it turns out, the State gave up nothing by dismissing the habitual offender enhancement. In Harbour's view, his defense counsel should have anticipated the *Noll* holding. Harbour contends he did not receive the benefit of his bargain through the State's dismissal of an invalid sentencing enhancement. Harbour lobbies us to vacate his convictions and remand his case to the district court.

To establish his claim of ineffective assistance, Harbour must prove by a preponderance of the evidence that: (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). For the first element, Harbour must prove his

counsel's performance was outside the normal range of competence. *Id.* For the second element, in this guilty plea case, Harbour must show a reasonable probability exists that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See id.* at 138. "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *Id.* at 133 (explaining under "reasonable probability" standard, most claims of ineffective assistance of counsel in the guilty-plea context will require "a record more substantial than the one now before us").

On the performance prong, Harbour claims his counsel failed to preserve error on the issue that he received no benefit from the State's agreement to dismiss the habitual-offender sentencing enhancement. Harbour suggests counsel breached a material duty in not anticipating the outcome in *Noll* and in allowing him to believe he was getting a bigger benefit from his bargain then he really was.

On the prejudice prong, Harbour recognizes he must show counsel's error was likely to have altered his decision to plead guilty. Without much analysis, Harbour asserts he "stood to lose very little by going to trial as he agreed to the maximum sentences."[2] He argues the plea agreement was invalid.

In response, the State insists "*Noll* does not automatically aid defendants like Harbour, who were *not* sentenced as habitual offenders." The State points out it is incumbent on Harbour to "establish his lawyer was ineffective in not anticipating or monitoring the possibility that *Noll* might change the law" and that "but for his lawyer's misstep, he would have insisted on going to trial rather than

---

[2] Harbour does not mention the State dismissed the theft charge as part of the plea agreement.

pleading guilty." *See State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019). The State argues Harbour's claim must wait for resolution in a PCR proceeding. As an alternative position, Harbour acknowledges that if we find the record is inadequate to decide his ineffective-assistance claim, we should preserve it for a PCR action.

Preservation is the appropriate outcome here. We cannot decide Harbour's ineffective-assistance claim on direct appeal. We have no record to verify what advice counsel gave to Harbour or that had counsel anticipated *Noll*, Harbour would have insisted on going to trial on the original charges (without the habitual-offender enhancement). *See id.* Should Harbour choose to bring an ineffective-assistance claim in PCR proceedings, he will have an opportunity to build a record that might support his claims.

**AFFIRMED.**