# IN THE SUPREME COURT OF IOWA

No. 21–0590

Submitted February 21, 2023—Filed April 14, 2023

**J.D. RAY ANDERSON,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR WOODBURY COUNTY,**

Defendant.

---

Certiorari to the Iowa District Court for Woodbury County, Zachary S. Hindman, Judge.

A defendant convicted of domestic abuse assault, third offense, filed a petition for writ of certiorari claiming the district court imposed an illegal sentencing enhancement. **WRIT ANNULLED.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

Thomas Hurd of Law Office of Thomas Hurd LLP, Des Moines, for plaintiff.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for defendant.

**WATERMAN, Justice.**

In this certiorari proceeding, we must decide whether a defendant convicted of a third domestic abuse assault is subject to the sentencing enhancement in Iowa Code section 902.13(1) (2017) that applies to third offenses. The defendant in this case argues the enhancement does not apply until a fifth such offense—a so-called "third third." His theory is that he committed only his first "third" offense, and needed two more (a second third followed by a third third) to trigger the enhancement. In our view, the enhancement means what it says and is triggered by the third offense (in the defendant's parlance, his first third). We'll explain.

## I. Background Facts and Proceedings.

First, here's what happened. In the early morning hours of October 17, 2017, J.D. Ray Anderson forced open a door and assaulted a woman with whom he was cohabiting. Anderson tackled the woman, pinned her down, and attempted to smother her with a pillow. As she struggled, he repeatedly punched her in the face through the pillow. A neighbor heard muffled cries for help, entered the couple's apartment, and found the woman bleeding and crying with bruises on her face. The neighbor took the woman back to her own apartment and called 911.

On October 25, the state charged Anderson with domestic abuse assault, third offense. The trial information specified Anderson's two prior convictions for domestic abuse assault and domestic assault causing bodily injury. A jury convicted Anderson of domestic abuse assault, third offense, on May 31, 2018. *See* Iowa Code § 708.2A(4). The district court sentenced Anderson to an

indefinite period of incarceration not to exceed five years. The court also provided that the maximum sentence could be reduced for statutory earned time, work credits, and program credits. *See id.* § 901.5(9)(*a*). The Iowa Department of Corrections determined the maximum possible reduction was 15%. In other words, the maximum length of Anderson's sentence could be no shorter than 85% of five years.

The district court also imposed a mandatory minimum sentence under Iowa Code section 902.13. Under that provision, Anderson would serve at least three-fifths of the maximum period of incarceration before becoming eligible for parole or work release. *See id.* § 902.13(1)–(2). Thus, Anderson would serve between three and five years in prison.

Anderson filed a motion to correct illegal sentence. He argued his three-year mandatory minimum should be reduced by earned time and the possible reduction of his maximum period of incarceration should not be capped at 15%. The district court denied Anderson's motion in its entirety.

Anderson filed a petition for writ of certiorari action, raising a new argument. For the first time, Anderson argues his sentence is illegal because he was not convicted of a *third* domestic abuse assault, third offense. The state filed a resistance to his petition. We granted Anderson's petition and the parties filed briefs. We retained the case.

Anderson's argument goes like this: because section 902.13(1) provides an enhanced sentence that is triggered by a third or subsequent conviction under section 708.2A(4) and that section, in turn, applies only to a third or subsequent conviction for domestic abuse assault, his sentence is not authorized by the

statutes because he did not commit a "third third" offense of domestic abuse assault.[1] Anderson argues any other reading renders the text of section 902.13(1) superfluous. The state counters that Anderson did not preserve error on his new argument, and even if he did, the plain meaning of the text does not produce a "third third" scheme.

## II. Standard of Review.

We review illegal-sentence challenges, questions of statutory interpretation, and original certiorari actions for correction of errors at law. *Noll v. Iowa Dist. Ct.*, 919 N.W.2d 232, 234 (Iowa 2018).

## III. Analysis.

**A. Error Preservation.** The state contests error preservation, noting the argument Anderson raises on appeal differs from the arguments he made to the district court. Anderson argues the rule of error preservation does not apply to illegal sentences. Although the state is correct on the procedural history, Anderson is correct on the law. "[W]e do not find a problem with error preservation because '[i]llegal sentences may be challenged at any time.'" *State v. Lopez*, 907 N.W.2d 112, 122 (Iowa 2018) (second alteration in original) (quoting *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010)); *see also Dorsey v. State*, 975 N.W.2d 356, 360 (Iowa 2022) (applying the rule to a claim that imposing mandatory life sentences without the possibility of parole is illegal

---

[1]By extension, Anderson argues that his maximum accumulation of earned time should not be capped at 15% because section 902.13(1) would be inapplicable to him. *See* Iowa Code § 903A.2(1)(*b*)(1).

under the Federal and Iowa Constitutions); *Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022) (same as to 18- and 19-year-old offenders).

> [A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional.

*Lopez*, 907 N.W.2d at 122 (quoting *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009)). Anderson argues the district court enhanced his sentence beyond its statutory authority because he did not meet the preconditions for enhancement. That is a challenge to an illegal sentence; Anderson may raise it now through this certiorari action.

**B. Merits.** "[A] sentence is illegal if it is not authorized by statute." *State v. Letscher*, 888 N.W.2d 880, 884 (Iowa 2016). We must decide whether sections 708.2A and 902.13 authorize the sentence the district court imposed on Anderson. To do that, we must construe the statutes. We begin with the text of the statutes in question. *Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020). We consider the text of interrelated parts together as one whole. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012) [hereinafter Scalia & Garner]. If the meaning of the text is clear and unambiguous, our inquiry ends. *Doe*, 943 N.W.2d at 610.

We read these interrelated statutes together. *See id.* "On a third or subsequent offense of domestic abuse assault, a person commits a class 'D' felony." Iowa Code § 708.2A(4). "A person convicted of a violation referred to in

subsection 4 shall be sentenced as provided under section 902.13." *Id.* § 708.2A(7)(*b*) (2018).[2]

> A person who has been convicted of a third or subsequent offense of domestic abuse assault under section 708.2A, subsection 4, shall be denied parole or work release until the person has served between one-fifth of the maximum term and the maximum term of the person's sentence as provided in subsection 2.

*Id.* § 902.13(1).[3] Read together, section 708.2A(7)(*b*) unambiguously provides that section 902.13(1) applies to *all* violations of section 708.2A(4), not merely the third such violation.

So, on a third or subsequent offense of domestic abuse assault, the offender both "commits a class 'D' felony" and "shall be denied parole or work release until the person has served between one-fifth of the maximum term and the maximum term of the person's sentence." Iowa Code § 708.2A(4), (7)(*b*); *id.* § 902.13(1). The offense referenced is one and the same; the consequences are two and separate. Far from adding a second layer of "thirds" to the statutory scheme, the language of "third or subsequent offense of domestic abuse assault under section 708.2A, subsection 4" in section 902.13(1) is nothing more than a belt-and-suspenders approach to guarantee clarity about the offense to which it applies.

Section 902.13(1) is like other enhanced sentencing provisions found in chapter 902. For ease of navigation and comprehension, the enhanced

---

[2]The statute was effective on the date Anderson committed his offense (October 17, 2017), but was not codified until the following year. 2017 Iowa Acts ch. 83, § 1 (codified at Iowa Code § 708.2A(7)(*b*) (2018) (effective July 1, 2017)).

[3]The statute was effective on the date Anderson committed his offense (October 17, 2017), but was not codified until the following year. 2017 Iowa Acts ch. 83, § 5 (codified at Iowa Code § 902.13(1) (2018) (effective July 1, 2017)).

sentencing provisions routinely cross-reference the substantive offense listed elsewhere in the Code along with a short description of the offense. Chapter 902 is replete with examples.[4] Section 902.13(1) is no different: it lists a cross-reference (to section 708.2A(4)) and a description of the offense there proscribed (third or subsequent offense of domestic abuse assault). Accordingly, we will treat section 902.13(1) no differently than the other provisions.

We do not regard the cross-referencing as surplusage. Some redundancy is permissible. In *State v. Thompson,* we were faced with a new statute that provided a represented defendant "shall not file any pro se document" and "[t]he court shall not consider . . . such pro se filings." 954 N.W.2d 402, 409 (Iowa 2021) (quoting Iowa Code § 814.6A (2020)). We concluded "shall not consider" lacked effect because the court cannot consider a document that is not filed. *Id.* at 417. We referenced a belt-and-suspenders canon that trumped the canon against surplusage. *Id.* at 417–18; *see also* Scalia & Garner at 59 ("No canon of

---

[4]*E.g.*, Iowa Code §§ 902.11(2) (establishing a minimum sentence applicable to a person serving a sentence for conviction of "operating a motor vehicle while under the influence of alcohol or a drug under chapter 321J"), .12(1)(*a*) (establishing a minimum sentence applicable to a person serving a sentence for conviction of "[m]urder in the second degree in violation of section 707.3"), (*b*) (establishing a minimum sentence applicable to a person serving a sentence for conviction of "[a]ttempted murder in violation of section 707.11, except as provided in section 707.11, subsection 5"), (*c*) (establishing a minimum sentence applicable to a person serving a sentence for conviction of "[s]exual abuse in the second degree in violation of section 709.3"), (*d*) (establishing a minimum sentence applicable to a person serving a sentence for conviction of "[k]idnapping in the second degree in violation of section 710.3"), (*e*) (establishing a minimum sentence applicable to a person serving a sentence for conviction of "[r]obbery in the second degree in violation of section 711.3, except as determined in subsection 4"), (*f*) (establishing a minimum sentence applicable to a person serving a sentence for conviction of "[v]ehicular homicide in violation of section 707.6A, subsection 1 or 2"), (2) (establishing a minimum sentence applicable to "a person serving a sentence for a conviction of child endangerment as defined in section 726.6, subsection 1, paragraph 'b' "), (3) (establishing a minimum sentence applicable to "[a] person serving a sentence for a conviction for robbery in the first degree in violation of section 711.2"), (4) (establishing a minimum sentence applicable to "[a] person serving a sentence for a conviction for robbery in the second degree in violation of section 711.3"), (5) (establishing a minimum sentence applicable to "[a] person serving a sentence for a conviction for arson in the first degree in violation of section 712.2").

interpretation is absolute. Each may be overcome by the strength of differing principles that point in other directions."). Courts should not apply the surplusage canon rigidly because "[s]ometimes drafters *do* repeat themselves and *do* include words that add nothing of substance, either out of a flawed sense of style or to engage in the ill-conceived but lamentably common belt-and-suspenders approach." *Thompson*, 954 N.W.2d at 417 (quoting Scalia & Garner at 176–77). Indeed, "legislatures may opt for redundant drafting in relation to previously enacted statutes." *Id.* at 417–18 (quoting Ethan J. Leib & James J. Brudney, *The Belt-and-Suspenders Canon*, 105 Iowa L. Rev. 735, 742 (2020)).

So it is here. The new section 902.13(1), enacted in 2017, relates to the older section 708.2A(4), enacted in 1996. 2017 Iowa Acts ch. 83, § 5 (codified at Iowa Code § 902.13(1) (2018) (effective July 1, 2017)); 1996 Iowa Acts ch. 1131, § 3 (codified at Iowa Code § 708.2A(4) (1997)). One domestic abuse assault, third offense—not a *third* third offense—triggers the sentencing enhancement under section 902.13.[5]

Nevertheless, Anderson argues differences in language between the enhanced sentencing provision and other provisions of the same legislation reveal the legislature meant to enact the "third third" scheme. Specifically, he touts language providing courts may not defer or suspend a sentence if "[t]he offense is a violation referred to in section 708.2A, subsection 4," noting an

---

[5]Because the enhanced sentence under section 902.13(1) applies to Anderson, we reject his argument that his maximum accumulation of earned time should not be capped at 15%. *See* Iowa Code § 903A.2(1)(*b*)(1).

absence of the "third or subsequent offense" language used in section 902.13(1). *See* 2017 Iowa Acts ch. 83, § 10 (codified at Iowa Code § 907.3(1)(*a*) (2018)). He goes on to assert "there are ample reasons the legislature might decide to write the law" in such a contrived fashion.

But Anderson is mistaken for several reasons. First, we do not ask what the legislature intended; we ask what is the meaning of its enactment. Oliver Wendell Holmes, *The Theory of Legal Interpretation*, 12 Harv. L. Rev. 417, 419 (1899) ("We do not inquire what the legislature meant; we ask only what the statute means."). Next, Anderson's argument that differing language elsewhere in the same legislation demonstrates the legislature's intent to create the "third third" scheme is nothing more than an extension of his basic argument that the "third or subsequent offense" language of section 902.13(1) must mean something or else be surplusage. As we have explained above, this is not the case. Finally, we need not resort to policy to aid our construction of this unambiguous law. *See* Iowa Code § 4.6(1). To the extent we consider it, we readily conclude the sound legislative goal was to mandate a minimum three-year prison term for a third domestic abuse assault.

**IV. Disposition.**

For the foregoing reasons, we affirm the district court's judgment and sentence. We annul the writ of certiorari.

**WRIT ANNULLED.**