# IN THE COURT OF APPEALS OF IOWA

No. 23-0873
Filed July 3, 2024

**WARREN EUGENE HARDY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.

An applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers (until withdrawal) and Genevieve Reinkoester, Assistant Attorneys General, for appellee State.

Considered by Badding, P.J., Bower, S.J.*, and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BADDING, Presiding Judge.**

Warren Hardy pled guilty to operating while intoxicated (OWI), third or subsequent offense, as a habitual offender, with an offense date in February 2021. In his written guilty plea to the class "D" felony,[1] *see* Iowa Code § 321J.2(2)(c) (2021), Hardy admitted to previously being convicted of two charges of OWI, plus two felony drug charges. The court sentenced Hardy to a term of imprisonment not to exceed fifteen years, with a mandatory minimum of three years. No appeal was taken.

After requests to reconsider his sentence failed, Hardy applied for postconviction relief, arguing "[t]he sentence exceeds the maximum authorized by law" or "is otherwise subject to collateral attack." Citing *Noll v. Iowa District Court for Muscatine County*, 919 N.W.2d 232 (Iowa 2018), Hardy asserted the habitual offender enhancement did not apply to his felony OWI conviction. The State moved for summary disposition, pointing out that, after the *Noll* decision, the legislature amended section 321J.2 to provide that a person charged with the offense is subject to the habitual offender enhancement. *See* 2019 Iowa Acts ch. 5, § 2 (adding section § 321J.2(5)(e), effective July 1, 2019)).

In his pro se resistance to summary disposition,[2] Hardy argued the statutory amendment did not apply because his two prior felonies occurred before its enactment and therefore "would be a[n] . . . ex post facto violation." After a hearing

---

[1] Written guilty pleas to felony charges were authorized then by order of the supreme court in response to the COVID-19 pandemic. *See State v. Smith*, No. 22-1447, 2023 WL 33325993, at *1 n.1 (Iowa Ct. App. May 10, 2023).

[2] After Hardy filed this resistance, counsel was appointed to represent him and raised claims of ineffective assistance of plea counsel. Those claims, which were summarily disposed of by the district court, are not reprised on appeal.

on the State's motion, the district court rejected this claim, concluding the legislative amendment did not criminalize an act that was not a crime when it occurred or enhance the penalty after the fact. The court accordingly granted the State's motion for summary disposition.

Hardy appeals, claiming his "sentence was illegal because his prior felony convictions could not be used as a basis to enhance his sentence as a habitual offender." He argues that his prior felony convictions—which predated the statutory amendment to section 321J.2 in response to *Noll*—cannot be "used as a basis for enhancing a sentence to habitual offender status" because it "would violate [his] right to be free from an ex post facto law."

We typically review the summary disposition of a postconviction-relief application for errors at law, but "our review is de novo when the basis for postconviction relief implicates a constitutional violation," as it does here. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019); *see also Taylor v. State*, 752 N.W.2d 24, 27 (Iowa Ct. App. 2008).

We begin with a refresher on amendments to section 321J.2 in recent years. In 2018, the supreme court determined that "the habitual offender provisions in section 902.8 and 902.9 do not apply to OWI, third and subsequent offenses" because Iowa Code section 321J.2(5) specifically provided for the maximum and minimum sentence for that offense. *Noll*, 919 N.W.2d at 233, 235. While the court observed "this outcome may not have been the actual intent of the legislature," it determined—based on the rules of statutory interpretation—that the legislature's 2002 amendments to section 321J.2 "took OWI-third-and-

subsequent-offense offenders out of the habitual offender option of section 902.9."[3]  *Id.* at 236.

The legislature swiftly responded to the *Noll* decision by enacting section 321J.2(5)(e), which took effect on July 1, 2019 and provides: "Notwithstanding the maximum sentence set forth in paragraph 'a', a person convicted of a third or subsequent offense may be sentenced as an habitual offender pursuant to sections 902.8 and 902.9 if the person qualifies as an habitual offender as described in section 902.8."  2019 Iowa Acts ch. 5, § 2.

That brings us to Hardy's conviction and sentence in 2021 as a habitual offender based on prior felony convictions that predated the enactment of section 321J.2(5)(e).  The question before us is whether that sentence violates the federal and state constitutional prohibitions against ex post facto laws.

An ex post facto law creates or increases punishment for a particular act and is applied to the actor after the fact.  *See State v. Soppe*, 374 N.W.2d 649, 652 (Iowa 1985)*.*  Two elements must be present for a statute to be in violation of ex post facto principles: it must (1) "apply to events occurring before its enactment" and (2) alter the definition of criminal conduct or increase the penalty.  *State v. Lopez*, 907 N.W.2d 112, 122–23 (Iowa 2018) (citation omitted).

Hardy's challenge fails from the get-go because the statute does not apply to his prior convictions that pre-dated the enactment of section 321J.2(5)(e).  The statutory amendment made Hardy's *current* conviction subject to enhancement as

---

[3] Prior to those 2002 amendments, the supreme court had held the habitual offender enhancements did apply to third and subsequent OWIs because section 321J.2 did not prescribe a maximum sentence.  *See Brown v. State*, 475 N.W.2d 3, 5–7 (Iowa 1991).

a habitual offender. It neither created nor enhanced the punishment for his prior convictions. As the State argues, an enhancement statute generally "does 'not punish the defendant for his or her prior convictions, but instead punish[es] the defendant as a repeat offender *for the latest offense* on the basis of his or her propensity for misconduct.'" *State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999) (alteration in original) (citation omitted). "In other words, the enhancement of punishment is for the *pending* offense, not the previous offenses." *Id.*; *accord State v. DeCamp*, 622 N.W.2d 290, 294 (Iowa 2001) ("[R]ecidivism laws do not define a different or separate crime or add elements to existing crimes. . . . They do not punish for the old offense, but stiffen the punishment for the latest offense." (internal citations omitted)); *see also State v. Marks*, No. 13-1051, 2014 WL 1495023, at *2 (Iowa Ct. App. Apr. 16, 2014) (rejecting claim that "sentence violate[d] the constitutional prohibition against ex post facto laws because one of the predicate convictions supporting the habitual offender enhancement was obtained before the effective date of" statutory amendment, as enhanced sentencing is outside the scope of retrospective application of statutes).

Finding no ex post facto violation, we affirm the summary disposition of Hardy's application for postconviction relief.

**AFFIRMED.**